UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:                                  Case No: 8:13-bk-01017

JOHN SALOV                              Chapter 7

        Debtor,

_____/

## JOHN SALOV MOTION TO VOID RECEIVER SALE   AND TRANSFER ASSETS TO TRUSTEE IN BANKRUPTCY

Debtor, John Salov, by Russell Koss, his attorney, respectfully requests that this court

enter an order declaring that the State Court-appointed Receiver asset sale of Digital TV of

Orlando,LLC and Charleston DTV, LLC referenced in this court's order of January 31, 2013 be

set aside and that the assets of the sale be transferred to the Trustee, and as grounds therefore,

states:

1.  John Salov filed this Chapter 7 bankruptcy on January 28, 2013.

2.  A consolidated state court case was pending against Debtor, John Salov and two limited

    liability corporations he solely owned directed and controlled (Hillsboro County case

    number 11 – 006543 and case number 11 – 006545).

3.  On November 21, 2011 the plaintiff in case number 11 – 006543, Oakville Tower

    holdings, LLC, obtained a judgment for $872,122.75 against John Salov and his wholly

    owned LLC, Digital TV Orlando. Contemporaneously, Ritchland Tower Charleston

obtained a judgment against Salov and his wholly owned LLC, Charleston DTV in the amount of $743,091.60. (EXHIBIT 1)

4. The Oakville Tower holdings judgment consisted of approximately $740,503.81 in accelerated rent payments. The judgment of Richland Tower Charleston included approximately $601,693.72 in accelerated rent payments. (EXHIBIT 2)

5. On January 8, 2013 Oakville Tower holdings LLC obtained a supplemental judgment totalling $245,619.40 against Joan Salov and his wholly-owned LLC, digital TV Orlando. Contemporaneously, Richland Tower Charleston obtain a supplemental judgment against Salov and his wholly-owned LLC, Charleston DTV in the amount of $ 31,154.13 pursuant to the attached motions. (EXHIBIT 3)    .

6. On August 3, 2012 Oakville Tower Holdings, LLC secured an order transferring ownership and control of digital TV of Orlando LLC to a state court appointed receiver. John Salov was ordered to cooperate with the transfer of control and ownership of digital TV over Orlando and cooperate with the transfer of the FCC license to the receiver. (EXHIBIT 4)

7. An amended order was entered on August 22, 2012, pursuant to the motion of Richland Tower Charleston, LLC in which all control and interest in Charleston DTV, LLC was transferred to the receiver and John Salov was ordered to cooperate with the transfer of control and ownership of Charleston DTV to the receiver. (EXHIBIT 5)

8. Following the two Hillsborough County orders directing the receiver sell collateral to satisfy the above referenced judgments, the receiver issued a notice of public sale pursuant to the statutes of Florida and South Carolina and article 9 of the Uniform Commercial Code. The public sale notice stated that the receiver would sell at public

sale on January 31, 2013 at 10 AM the assets of digital TV of Orlando and Charleston DTV. The terms of sale were "as is where is" with no warranties or representations relating to title, possession, quiet enjoyment, or the like. The sale notice further stated that the receiver made no representation as to the FCC's position concerning or potential approval of the sale which was subject to FCC approval. (EXHIBIT 6)

9.   On January 28, 2013 OTA Broadcasting submitted an offer to Larry S Hyman, Court Appointed Receiver to purchase the assets of Digital TV of Orlando, LLC for $1,700,000 in immediately available funds. OTA offered to purchase the assets free and clear of all liabilities' liens, claims, encumbrances or rights of third parties. The offer is attached as an exhibit. (EXHIBIT 7)

10.  On January 29, 2013 OTA's attorney, Paige Frontenbarger, transmitted the attached email to Dan J Alpert, attorney for receiver, Larry S Hyman. OTA's attorney outlined that the terms of sale were commercially unreasonable for a number of reasons, including the fact another creditor was claiming a lien on the assets. Given the uncertainties outlined in the terms of sale she advised that OTA would be unable to attend the public sale. She stated: "given these uncertainties, old TA is unable to attend the public sale. Nevertheless, OTA remains willing to pursue a sale of these assets in a manner that helps creditors recoup as much of their losses as possible so long as such sale is on commercially reasonable terms. In its present structure, the auction favors purchase via Richland's "credit bid." The reason is that a credit bidder does not risk out of pocket funds to pay for assets it cannot legally own or control until conditions outside of its control are met. By limiting the pool of bidders, it is unlikely the sale will result in the highest possible bid." (EXHIBIT 8)

11. On January 26 attorney Thomas R Raines informed the receiver via the enclosed email that his client, Saldana Holdings LLC filed UCC liens in Florida South Carolina and Michigan against Digital TV Orlando LLC and Charleston DTV LLC. The liens totaled approximately $1 million. (EXHIBIT 9) The UCC filings are attached as (EXHIBIT 9A)

12. On January 28, 2013 attorney Russell Koss informed Receiver, Larry Hyman, that he learned another party was claiming a UCC lien on the assets which were the subject of the sale and that John Salov would be filing for Chapter 7 bankruptcy. (EXHIBIT 10)

13. On January 28, 2013 attorney Russell Koss filed a pleading entitled "NOTICE OF LIMITED APPEARANCE, MOTION FOR RENT CREDIT, MOTION FOR ATTORNEYS FEES AND MOTION FOR POSTPONEMENT OF RECEIVERS SALE AND CLARIFICATION OF TERMS OF SALE." (EXHIBIT 11). This was filed in the state court action.

14. The motion sought lease payment credit for $1,264,474.56. Under Florida law the defendants in the state court action would be entitled to credit for lease payments received by the judgment creditor. The motion further asked that the receiver's sale be postponed because of OTA's desire to purchase the Orlando assets on commercially reasonable terms for $1.7 million and also because another creditor was claiming to have a superior lien on the assets which were to be sold by the Receiver.

15. On January 30, 2013 Hillsboro County Circuit Court Judge Michelle Sisco granted the Motion for Postponement of Receiver Sale.

16. On January 30, 2013 at approximately 6.30 PM the judgment creditors in the state court action, Oakville Tower holdings, LLC and Richland Tower Charleston, LLC filed an

emergency motion in this Court for order confirming that automatic stay is not in effect. (EXHIBIT 12)

17. The Motion for Emergency Order did not include an Attorney's Certification of Necessity stating that all allegations and contentions were well grounded.

18. The undersigned attorney for John Salov did not respond to the motion because he had no notice of it.

19. Email notice of the motion was sent by the judgment creditors attorney's to the undersigned at the wrong email address (lawofficekoss@aol.com) (the correct address is lawofficeskoss@aol.com). notwithstanding the fact the law office of the judgment creditor's attorneys had used the correct email address in prior communications. (EXHIBIT 13) A fax was sent to the undersigned's office but no one was there to acknowledge it because the document was sent when the undersigned's office was closed.

20. In the early morning hours of January 31, 2013 the bankruptcy judge entered an order granting the emergency motion in lifting the stay. The order stated "" however, this order is without prejudice to the chapter 7 trustee's ability to argue. after the debtor files his bankruptcy schedules, that the assets are, in fact, assets of the bankruptcy estate and that this transfer, therefore, violates 11 U. S. C. 549. " (EXHIBIT 14)

21. The sale took place within approximately 2 hours of when the stay was lifted.

22. No one showed up for the sale except the judgment creditor who was the sole bidder, according to the Receiver's email which is attached. (EXHIBIT 15)

23. A sale on commercially unreasonable terms, such as this Receiver's sale, predictably will have no bidders except for the judgment creditor.

24. The bankruptcy court emergency motion was brought in the name of the judgment creditor, not the Receiver and was incomplete and misleading in that :

    A.    The motion failed to state that OTA had offered, to purchase the assets of DIGITALTV OF ORLANDO for $1.7 million in immediately available funds PLUS approximately $350,000 in lease payments with additional compounding at 4% annual escalation.

    B.    The motion failed to inform the court that the Receiver and judgment creditor were on notice of a UCC claim of approximately $1,000,000 against Mr. Salov and his LLC's

25. By having a sale on commercially unreasonable terms the judgment creditor acquired the assets of both Orlando and Charleston for less than OTA had indicated it was willing to pay for Orlando alone and further the interests of the creditor with a $1,000,000 claim as well as a lien on the assets which were sold was somehow deliberately overlooked in the Receiver's sale.

26. OTA 's counsel has indicated to counsel for Debtor that OTA is still interested in purchasing the assets outlined in the proposal referenced in paragraphs 10 and 11 of this pleading.

27. The Receiver's sale did an injustice to other creditors because two television broadcast enterprises (Charleston and Orlando) were sold for less than OTA offered the Receiver for one enterprise (Orlando).

WHEREFORE, JOHN SALOV, Debtor, respectfully requests that the Chapter 7 trustee argue that the assets which were the subject of the Receiver's sale are, in fact assets of the bankruptcy estate and the transfer violates 11 U.S.C. 549.

Law Offices of Russell Koss
1502 W. Busch Blvd., Suite H-4
Tampa, FL 33612
Tel: 813-200-6103
Fax: 813-933-8820
E-mail: lawofficeskoss@aol.com

Respectfully submitted by: _____

Russell S. Koss, Esquire
FBN: 0119410

# Exhibits

N THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

OAKVILLE TOWER HOLDINGS, LLC,
a Florida limited liability company,

      Plaintiff,

v.

DIGITAL TV OF ORLANDO, LLC, a
Florida limited liability company, and JOHN
M. SALOV, an individual,

      Defendants.
_____/

RICHLAND TOWER - CHARLESTON,
LLC, a Florida limited liability company,

      Plaintiff,

v.

CHARLESTON DTV, LLC, a South
Carolina limited liability company, and
JOHN M. SALOV, an individual,

      Defendants.
_____/

Case No.: 11-006543
consolidated with
Case No.: 11-006545

## <u>ORDER OF FINAL JUDGMENT AGAINST JOHN M. SALOV</u>

    This matter came before the Court on Plaintiff Oakville Tower Holdings, LLC's ("Oakville") Amended Motion for Final Judgment after Default (the "Motion") against Defendant John M. Salov ("Defendant"). The Court having considered the Motion and the record, having heard argument of counsel after entry of Default against Defendant, and being otherwise fully advised in the premises, it is hereby

    **ORDERED and ADJUDGED** as follows:



EXHIBIT
1

1.      Oakville, whose address is 400 N. Ashley Drive, Suite 3010, Tampa, Florida 33602, shall recover from Defendant, whose address is 2227 Linda Ct., Jackson, Michigan 42903, the principal sum of $837,769.24.

2.      Oakville shall also recover from Defendant the sum of $22,478.05 for prejudgment interest accrued on the principal, calculated in accordance with the statutory interest rate as per § 55.03, Florida Statutes.

3.      Oakville shall also recover from Defendant the sum of $11,875.46 for attorneys' fees and costs.

4.      The above-referenced amounts total $872,122.75, which shall bear interest at the initial rate of 4.75% per annum, and thereafter as provided by § 55.03, Florida Statutes.

5.      For all above-referenced amounts, which have herein been declared fully recoverable by Oakville from Defendant, let execution issue forthwith. Defendant shall take nothing by this action.

6.      The Court reserves jurisdiction to determine additional amounts owed by Defendant and recoverable by Oakville (particularly with respect to attorneys' fees and costs), to enter additional judgments against Defendant in those amounts, to enter additional orders as may be necessary for the Receiver to take possession of and/or dispose of the Collateral in order to satisfy this Judgment, and for such further relief as this Court deems just and proper.

**DONE and ORDERED** in Chambers in Hillsborough County, Florida on this ____ day of November, 2011.

_____
The Honorable Michelle Sisco
Circuit Court Judge

2

Conformed copies to:
    William J. Judge, Esq., P.O. Box 2231, Tampa, FL 33601-2231
    C. Todd Marks, Esq., 12029 Whitmarsh Lane, Tampa, FL 33626-1737
    Larry S. Hyman, CPA, 106 S. Tampania Ave., Suite 200, Tampa, FL 33609

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

OAKVILLE TOWER HOLDINGS, LLC,
a Florida limited liability company,

      Plaintiff,

v.

DIGITAL TV OF ORLANDO, LLC, a
Florida limited liability company, and JOHN
M. SALOV, an individual,

      Defendants.

_____/

Case No.: 11-006543
consolidated with
Case No.: 11-006545

RICHLAND TOWER - CHARLESTON,
LLC, a Florida limited liability company,

      Plaintiff,

v.

CHARLESTON DTV, LLC, a South
Carolina limited liability company, and
JOHN M. SALOV, an individual,

      Defendants.

_____/

## ORDER OF FINAL JUDGMENT AGAINST JOHN M. SALOV

This matter came before the Court on Plaintiff Richland Tower – Charleston, LLC's ("Richland") Amended Motion for Final Judgment after Default (the "Motion") against Defendant John M. Salov ("Defendant"). The Court having considered the Motion and the record, having heard argument of counsel after entry of Default against Defendant, and being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** as follows:

1.      Richland, whose address is 400 N. Ashley Drive, Suite 3010, Tampa, Florida 33602, shall recover from Defendant, whose address is 2227 Linda Ct., Jackson, Michigan 42903, the principal sum of $712,655.00.

2.      Richland shall also recover from Defendant the sum of $19,121.13 for prejudgment interest accrued on the principal, calculated in accordance with the statutory interest rate as per § 55.03, Florida Statutes.

3.      Richland shall also recover from Defendant the sum of $10,315.47 for attorneys' fees and costs.

4.      The above-referenced amounts total $742,091.60, which shall bear interest at the initial rate of 4.75% per annum, and thereafter as provided by § 55.03, Florida Statutes.

5.      For all above-referenced amounts, which have herein been declared fully recoverable by Richland from Defendant, let execution issue forthwith.  Defendant shall take nothing by this action.

6.      The Court reserves jurisdiction to determine additional amounts owed by Defendant and recoverable by Richland (particularly with respect to attorneys' fees and costs), to enter additional judgments against Defendant in those amounts, to enter additional orders as may be necessary for the Receiver to take possession of and/or dispose of the Collateral in order to satisfy this Judgment, and for such further relief as this Court deems just and proper.

**DONE and ORDERED** in Chambers in Hillsborough County, Florida on this ____ day of November, 2011.

_____
The Honorable Michelle Sisco
Circuit Court Judge

2

Conformed copies to:

William J. Judge, Esq., P.O. Box 2231, Tampa, FL 33601-2231
C. Todd Marks, Esq., 12029 Whitmarsh Lane, Tampa, FL 33626-1737
Larry S. Hyman, CPA, 106 S. Tampania Ave., Suite 200, Tampa, FL 33609

N THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

OAKVILLE TOWER HOLDINGS, LLC,
a Florida limited liability company,

      Plaintiff,

v.

DIGITAL TV OF ORLANDO, LLC, a
Florida limited liability company, and JOHN
M. SALOV, an individual,

      Defendants.

_____/

Case No.: 11-006543
consolidated with
Case No.: 11-006545

RICHLAND TOWER - CHARLESTON,
LLC, a Florida limited liability company,

      Plaintiff,

v.

CHARLESTON DTV, LLC, a South
Carolina limited liability company, and
JOHN M. SALOV, an individual,

      Defendants.

_____/

## ORDER OF FINAL JUDGMENT AGAINST CHARLESTON DTV, LLC

This matter came before the Court on Plaintiff Richland Tower – Charleston, LLC's ("Richland") Amended Motion for Final Judgment after Default (the "Motion") against Defendant Charleston DTV, LLC ("Defendant"). The Court having considered the Motion and the record, having heard argument of counsel after entry of Default against Defendant, and being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** as follows:

1.   Richland, whose address is 400 N. Ashley Drive, Suite 3010, Tampa, Florida 33602, shall recover from Defendant, whose address is 180 W. Michigan Ave., Jackson, Michigan 42901, the principal sum of $712,655.00.

2.   Richland shall also recover from Defendant the sum of $19,121.13 for prejudgment interest accrued on the principal, calculated in accordance with the statutory interest rate as per § 55.03, Florida Statutes.

3.   Richland shall also recover from Defendant the sum of $10,315.47 for attorneys' fees and costs.

4.   The above-referenced amounts total $742,091.60, which shall bear interest at the initial rate of 4.75% per annum, and thereafter as provided by § 55.03, Florida Statutes.

5.   For all above-referenced amounts, which have herein been declared fully recoverable by Richland from Defendant, let execution issue forthwith.  Defendant shall take nothing by this action.

6.   The Court reserves jurisdiction to determine additional amounts owed by Defendant and recoverable by Richland (particularly with respect to attorneys' fees and costs), to enter additional judgments against Defendant in those amounts, to enter additional orders as may be necessary for the Receiver to take possession of and/or dispose of the Collateral in order to satisfy this Judgment, and for such further relief as this Court deems just and proper.

**DONE and ORDERED** in Chambers in Hillsborough County, Florida on this _____ day of November, 2011.

_____
The Honorable Michelle Sisco
Circuit Court Judge

2

Conformed copies to:
      William J. Judge, Esq., P.O. Box 2231, Tampa, FL 33601-2231
      C. Todd Marks, Esq., 12029 Whitmarsh Lane, Tampa, FL 33626-1737
      Larry S. Hyman, CPA, 106 S. Tampania Ave., Suite 200, Tampa, FL 33609

N THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

OAKVILLE TOWER HOLDINGS, LLC,
a Florida limited liability company,

     Plaintiff,

v.

DIGITAL TV OF ORLANDO, LLC, a
Florida limited liability company, and JOHN
M. SALOV, an individual,

     Defendants.

Case No.: 11-006543
consolidated with
Case No.: 11-006545

RICHLAND TOWER - CHARLESTON,
LLC, a Florida limited liability company,

     Plaintiff,

v

CHARLESTON DTV, LLC, a South
Carolina limited liability company, and
JOHN M. SALOV, an individual,

     Defendants.

## ORDER OF FINAL JUDGMENT AGAINST DIGITAL TV OF ORLANDO, LLC

This matter came before the Court on Plaintiff Oakville Tower Holdings, LLC's

("Oakville") Amended Motion for Final Judgment after Default (the "Motion") against

Defendant Digital TV of Orlando, LLC ("Defendant"). The Court having considered the Motion

and the record, having heard argument of counsel after entry of Default against Defendant, and

being otherwise fully advised in the premises, it is hereby

     **ORDERED and ADJUDGED** as follows:

EXHIBIT

1.   Oakville, whose address is 400 N. Ashley Drive, Suite 3010, Tampa, Florida 33602, shall recover from Defendant, whose address is 180 W. Michigan Ave., Jackson, Michigan 42901, the principal sum of $837,769.24.

2.   Oakville shall also recover from Defendant the sum of $22,478.05 for prejudgment interest accrued on the principal, calculated in accordance with the statutory interest rate as per § 55.03, Florida Statutes.

3.   Oakville shall also recover from Defendant the sum of $11,875.46 for attorneys' fees and costs.

4.   The above-referenced amounts total $872,122.75, which shall bear interest at the initial rate of 4.75% per annum, and thereafter as provided by § 55.03, Florida Statutes.

5.   For all above-referenced amounts, which have herein been declared fully recoverable by Oakville from Defendant, let execution issue forthwith. Defendant shall take nothing by this action.

6.   The Court reserves jurisdiction to determine additional amounts owed by Defendant and recoverable by Oakville (particularly with respect to attorneys' fees and costs), to enter additional judgments against Defendant in those amounts, to enter additional orders as may be necessary for the Receiver to take possession of and/or dispose of the Collateral in order to satisfy this Judgment, and for such further relief as this Court deems just and proper.

**DONE and ORDERED** in Chambers in Hillsborough County, Florida on this _____ day of November, 2011.

ORIGINAL SIGNED

NOV 2 1 2011

The Honorable Michelle Sisco
Circuit Court Judge

Conformed copies to:

    William J. Judge, Esq., P.O. Box 2231, Tampa, FL 33601-2231

    C. Todd Marks, Esq., 12029 Whitmarsh Lane, Tampa, FL 33626-1737

    Larry S. Hyman, CPA, 106 S. Tampania Ave., Suite 200, Tampa, FL 33609



**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

OAKVILLE TOWER HOLDINGS, LLC,
a Florida limited liability company,

      Plaintiff,

v.

DIGITAL TV OF ORLANDO, LLC, a           Case No.: 11-006543
Florida limited liability company, and JOHN    consolidated with
M. SALOV, an individual,                 Case No.: 11-006545

      Defendants.

RICHLAND TOWER - CHARLESTON,
LLC, a Florida limited liability company,

      Plaintiff,

v.

CHARLESTON DTV, LLC, a South
Carolina limited liability company, and
JOHN M. SALOV, an individual,

      Defendants.

## PLAINTIFF OAKVILLE TOWER HOLDINGS, LLC'S
## MOTION FOR POST-JUDGMENT ATTORNEYS' FEES AND COSTS

Plaintiff/Judgment Creditor Oakville Tower Holdings, LLC ("Oakville"), pursuant to

Florida Statute § 57.115, respectfully requests that this Court enter an Order finding that Oakville

is entitled to its reasonable attorneys' fees and costs incurred in its efforts to execute on the Final

Judgments entered by this Court on November 21, 2011, and entering judgment in its favor and

against Defendants/Judgment Debtors Digital TV of Orlando, LLC and John M. Salov (together,



"Defendants") in the amount of $245,614.46.  In support of this Motion, Oakville states as follows:

1.      Oakville initiated this action against Defendants on May 27, 2011.

2.      On November 21, 2011, this Court entered Orders of Final Judgment in favor of Oakville and against Defendants, which provided that Oakville should recover from Defendants a total of $872,122.75, plus post-judgment interest.  Copies of the Final Judgments are attached hereto as Exhibit A.

3.      In the Final Judgments, the Court expressly retained jurisdiction to "determine additional amounts owed by Defendant[s] and recoverable by Oakville (particularly with respect to attorneys' fees and costs), to enter additional judgments against Defendant[s] in those amounts, [and] to enter additional orders as may be necessary for the Receiver to take possession of and or dispose of the Collateral in order to satisfy this Judgment."

4.      Florida Statute § 57.115 provides that "the court may award against a judgment debtor reasonable costs and attorneys' fees incurred thereafter by a judgment creditor in connection with execution on a judgment."

5.      In addition, the Lease Agreement between Oakville and Defendants (the breach of which formed the basis for this action) provides that, as a prevailing party, Oakville is entitled to recover its "reasonable attorneys' fees [incurred] to collect any payment or to compel any performance ultimately held to be due under the provisions of this Lease." Oakville's efforts to collect on the Final Judgments are a continuation of their attempts to collect the amounts due to them under the Lease Agreement.

6.      Accordingly, pursuant to Florida Statute § 57.115 and the contract between the parties, Oakville is entitled to recover its post-judgment attorneys' fees and costs incurred in its efforts to execute on the Final Judgments.

7.      Since the entry of the Final Judgments and through November 30, 2012, Oakville has incurred the following amounts in attorney's fees and costs:

Attorneys' Fees and Costs

| Law Firm | Amount |
| --- | --- |
| Hill, Ward & Henderson, P.A. | $ 28,111.50 |
| Fletcher, Heald & Hildreth, PLC | $ 31,334.00 |
| **TOTAL =** | **$ 59,445.50** |

Other Costs Paid by Oakville

| Category | Amount |
| --- | --- |
| Costs incurred in assisting Receiver with getting station back on the air | $ 161,469.00 |
| Receiver's Attorneys' Fees | $ 12,823.41 |
| Other Receiver costs | $ 11,881.49 |
| **TOTAL =** | **$ 186,173.90** |
| **GRAND TOTAL =** | **$ 245,619.40** |

8.      The affidavit of J. Carter Andersen, attesting to the reasonableness of the fees incurred by Oakville from the law firm of Hill, Ward & Henderson, P.A. is attached hereto as Exhibit B. The affidavits of M. Scott Johnson, attesting to the apportionment of the fees incurred from Fletcher, Heald & Hildreth, PLC, and the affidavit of Francis E. Fletcher, attesting to the reasonableness of those fees, are attached hereto as Composite Exhibit C. The Report of the Receiver, setting forth the additional costs incurred by the Receiver and paid by Oakville to date, is attached as Exhibit D. Finally, the affidavit of Frank R. Jazzo attesting to the reasonableness of the fees billed to the Receiver by the Law Office of Dan J. Alpert is attached as Exhibit E.

WHEREFORE, for the reasons set forth above, Oakville respectfully requests that this Court enter a judgment in its favor and against Defendants in the amount of $245,619.40, together with such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

William J. Judge (FBN 426296)
Casey R. Lennox (FBN 0041986)
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Tampa, Florida 33602
Phone: (813) 221-3900
Fax:    (813) 221-2900
jjudge@hwhlaw.com
clennox@hwhlaw.com
jlotufo@hwhlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served **via e-mail and U.S. Mail** this 18th day of December 2012, to the following:

Russel S. Koss, Esq.
LAW OFFICES OF RUSSELL S. KOSS
1502 W. Busch Blvd., Suite H-4
Tampa, FL 33612
E-mail: Lawofficeskoss@aol.com

Attorney

4

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

OAKVILLE TOWER HOLDINGS, LLC,
a Florida limited liability company,

      Plaintiff,

v.

DIGITAL TV OF ORLANDO, LLC, a
Florida limited liability company, and JOHN
M. SALOV, an individual,

      Defendants.

                            Case No.: 11-006543
                            consolidated with
                            Case No.: 11-006545

RICHLAND TOWER - CHARLESTON,
LLC, a Florida limited liability company,

      Plaintiff,

v.

CHARLESTON DTV, LLC, a South
Carolina limited liability company, and
JOHN M. SALOV, an individual,

      Defendants.

**PLAINTIFF RICHLAND TOWER – CHARLESTON, LLC'S
MOTION FOR POST-JUDGMENT ATTORNEYS' FEES AND COSTS**

    Plaintiff Judgment Creditor Richland Tower - Charleston, LLC ("Richland"), pursuant to

Florida Statute § 57.115, respectfully requests that this Court enter an Order finding that

Richland is entitled to its reasonable attorneys' fees and costs incurred in its efforts to execute on

the Final Judgments entered by this Court on November 21, 2011, and entering judgment in its

favor and against Defendants/Judgment Debtors Charleston DTV, LLC and John M. Salov

together, "Defendants") in the amount of $531,156.13   In support of this Motion, Richland states as follows:

1.      Richland initiated this action against Defendants on May 27, 2011.

2.      On November 21, 2011, this Court entered Orders of Final Judgment in favor of Richland and against Defendants, which provided that Richland should recover from Defendants a total of $742,091.60, plus post-judgment interest   Copies of the Final Judgments are attached hereto as Composite Exhibit A.

3.      In the Final Judgments, the Court expressly retained jurisdiction to "determine additional amounts owed by Defendant[s] and recoverable by Richland (particularly with respect to attorneys' fees and costs), to enter additional judgments against Defendant[s] in those amounts, and to enter additional orders as may be necessary for the Receiver to take possession of and/or dispose of the Collateral in order to satisfy this Judgment."

4.      Florida Statute § 57.115 provides that "the court may award against a judgment debtor reasonable costs and attorneys' fees incurred thereafter by a judgment creditor in connection with execution on a judgment."

5.      In addition, the Lease Agreement between Richland and Defendants (the breach of which formed the basis for this action) provides that, as a prevailing party, Richland is entitled to recover its "reasonable attorneys' fees [incurred] to collect any payment or to compel any performance ultimately held to be due under the provisions of this Lease." Richland's efforts to collect on the Final Judgments are a continuation of their attempts to collect the amounts due to them under the Lease Agreement.

6.      Accordingly, pursuant to Florida Statute § 57.115 and the contract between the parties, Richland is entitled to recover its post judgment attorneys' fees and costs incurred in its efforts to execute on the Final Judgments.

7.      Since the entry of the Final Judgments and through November 30, 2012, Richland has incurred the following amounts in attorneys' fees and costs:

Attorneys' Fees and Costs

| Law Firm | Amount |
|---|---|
| Hill, Ward & Henderson, P.A. | $ 12,613.80 |
| Fletcher, Heald & Hildreth, PLC | $ 12,076.25 |
| TOTAL = | $ 24,690.05 |

Other Costs Paid by Richland

| Category | Amount |
|---|---|
| Receiver's Attorneys' Fees | $ 5,143.91 |
| Other Receiver costs | $ 1,320.17 |
| TOTAL = | $ 6,464.08 |

GRAND TOTAL =      $ 31,154.13

8.      The affidavit of J. Carter Andersen, attesting to the reasonableness of the fees incurred by Richland from the law firm of Hill, Ward & Henderson, P.A. is attached hereto as Exhibit B.  The affidavit of M. Scott Johnson, attesting to the apportionment of the fees incurred from Fletcher, Heald & Hildreth, PLC and the affidavit of Francis E. Fletcher, attesting to the reasonableness of those fees, are attached hereto as Composite Exhibit C.  The Report of the Receiver, setting forth the additional costs incurred by the Receiver and paid by Richland to date, is attached as Exhibit D.  Finally, the affidavit of Frank R. Jazzo attesting to the reasonableness of the fees billed to the Receiver by the Law Office of Dan J. Alpert is attached as Exhibit E.

N THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

OAKVILLE TOWER HOLDINGS, LLC,
a Florida limited liability company,

    Plaintiff,

v.

DIGITAL TV OF ORLANDO, LLC, a
Florida limited liability company, and JOHN
M. SALOV, an individual,

    Defendants.

Case No.: 11-006543
consolidated with
Case No.: 11-006545

RICHLAND TOWER - CHARLESTON,
LLC, a Florida limited liability company,

    Plaintiff,

v.

CHARLESTON DTV, LLC, a South
Carolina limited liability company, and
JOHN M. SALOV, an individual,

    Defendants.

### ORDER OF FINAL JUDGMENT AGAINST CHARLESTON DTV, LLC

This matter came before the Court on Plaintiff Richland Tower – Charleston, LLC's ("Richland") Amended Motion for Final Judgment after Default (the "Motion") against Defendant Charleston DTV, LLC ("Defendant"). The Court having considered the Motion and the record, having heard argument of counsel after entry of Default against Defendant, and being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** as follows:

**EXHIBIT
4**

WHEREFORE, for the reasons set forth above, Richland respectfully requests that this Court enter a judgment in its favor and against Defendants in the amount of $31,154.13, together with such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

William F. Judge (FBN 426296)
Casey R. Lennox (FBN 0041986)
JUDGE, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Tampa, Florida 33602
Phone: (813) 221-3900
Fax:    (813) 221-2900
wjudge@jwhlaw.com
clennox@jwhlaw.com
larottiro@jwhlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served **via email and U.S. Mail** this 18th day of December, 2012, to the following:

Russell S. Koss, Esq.
LAW OFFICES OF RUSSELL S. KOSS
1502 W. Busch Blvd. Suite H-4
Tampa, FL 33612
e-mail: lawofficeskoss@aol.com

Attorney

4

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

OAKVILLE TOWER HOLDINGS, LLC
a Florida limited liability company,

        Plaintiff


LOGAN FIVE ORLANDO, LLC                    Case No. 10-009443
Florida limited liability company, and JOHN      Cons litigated with
MENASOV, an individual                     Case No. 10-009443

        Defendants


RICHLAND TOWER CHARLESTON
LLC, a Florida limited liability company

        Plaintiff



CHARLESTON DIV, LLC, LLC
a Florida limited liability company, and
JOHN MENASOV, an individual

        Defendants


**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER TRANSFERRING**
**OWNERSHIP OF ASSETS TO RECEIVER**

THIS MATTER came before the Court on the August 2011 on Plaintiff
Oakville Tower Holdings, LLC's Motion for Order Transferring Ownership of Assets to
Receiver (the "**Motion**") following the entry of final judgment against
Defendant Logan Five Orlando, LLC and John Menasov in this consolidated case. The
Court having reviewed the Motion and having heard argument of the Parties, and being
otherwise fully advised in the premises ...



EXHIBIT
4

ORDERS and ADJUDGES that:

The Motion is hereby GRANTED

1. ... Petition and Instruments of Grant No. 1 Orange FLi ... hereby transferred to the Receiver ... and Stipulations ... ... ...

2. ... the Receiver is hereby ... directed and ordered to take out actions necessary to protect and preserve the FCC license ... ... to enter WelIDCO SA and to ... Collateral and Pledged Assets, to take all actions necessary to transfer the FCC license to the ... and to take all necessary actions to maintain and ...

3. ... Defendant and all Sanders ... hereby ordered to cooperate with the transfer of Control and assignment of Digital Orange ... to ... ... the Receiver, to cooperate with the transfer of the FCC license to the Receiver ... not to ... and to ... and execute documents necessary to effectuate these transfers.

4. ... The Receiver and the ... parties shall report to the Court on September ... ... at ... ... a.m. on the status of the transfer of the licenses and transfer of control and interest of Digital ... of Orange FLi ...

5. ... the Sisos shall take ... ... of FCC Information Sheets for ... license ... and Digital ... of Orlando ... ... their very ... ... be comported to that ... ... Mar ... ... ... Order granting Plaintiff's Motion ... ... ordering Defendant ... to ... ... produce each Information Sheets ...

# FEDERAL COMMUNICATIONS COMMISSION
## WASHINGTON, D.C. 20554

(FOR CHIEF, VIDEO DIVISION, MEDIA BUREAU)

DATE: 12/31/2008

| CONSENT TO ASSIGNMENT: | FROM: JOHN SALOV |
| X CONSENT TO TRANSFER: | TO: LOCAL HDTV, INC. |

Licensee/Permittee: DIGITAL TV OF ORLANDO, LLC
(for transfer only)

| CLASS | CALL SIGN | FACILITY ID | FILE# | STATION LOCATION | AUXILIARY STATIONS |
|-------|-----------|-------------|-------|------------------|--------------------|
| CA | WHDO-CA | 10621 | BTCTTA 20081021ABP | ORLANDO, FL | ALL CURRENTLY AUTHORIZED AUXILIARY STATIONS |

Under authority of the Communications Act of 1934, as amended, the consent of the Federal Communications Commission is hereby granted to the transaction indicated above.

The Commission's consent to the above is based on the representations made by the applicants that the statements contained in, or made in connection with, the application are true and that the undertakings of the parties upon which this transaction is authorized will be carried out in good faith.

The actual consummation of voluntary transactions shall be completed within 90 days from the date hereof, and notice in letter form thereof shall promptly be furnished to the Commission by the seller or buyer showing the date the acts necessary to effect the transaction were completed. Upon furnishing the Commission with such written notice, this transaction will be considered completed for all purposes related to the above described station(s).

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

OAKVILLE TOWER HOLDINGS, LLC,
a Florida limited liability company,

    Plaintiff,

v.

DIGITAL TV OF ORLANDO, LLC, a
Florida limited liability company, and JOHN
M. SALOV, an individual,

    Defendants.

Case No.: 11-006543
consolidated with
Case No.: 11-006545

RICHLAND TOWER - CHARLESTON,
LLC, a Florida limited liability company,

    Plaintiff,

v.

CHARLESTON DTV, LLC, a South
Carolina limited liability company, and
JOHN M. SALOV, an individual,

    Defendants.

## AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER TRANSFERRING OWNERSHIP OF ASSETS TO RECEIVER

THIS MATTER came before the Court for hearing on August 3, 2012 on Plaintiff Oakville Tower Holdings, LLC's Motion for Order Transferring Ownership of Assets to Receiver (the "**Motion**") and on August 21, 2012 at a Status Conference. This Court, having reviewed the Motion and the file, having heard argument of the Parties, and being otherwise fully advised in the premises, hereby:



**ORDERS and ADJUDGES** as follows:

1.    The Motion is hereby **GRANTED**.

2.    All control and 100% interest in Digital TV of Orlando, LLC is hereby transferred to the Receiver until such further orders of the Court.

3.    The Receiver is hereby empowered and ordered to take all actions necessary to protect and preserve the FCC license for TV station WHDO-CA and all Collateral and Pledged Assets; to take all actions necessary to transfer the FCC license to his control; and to take all necessary actions to maintain such license.

4.    The Receiver shall not sell, transfer, or otherwise dispose of the FCC license without further order of the Court.

5.    Defendant John Salov is hereby ordered to cooperate with the transfer of control and ownership of Digital TV of Orlando, LLC to the Receiver; to cooperate with the transfer of the FCC license to the Receiver; and to take all actions and file all documents necessary to effectuate these transfers.

6.    Defendant John Salov is ordered to execute, within twenty-four (24) hours of the entry of this Order, all documents that the Receiver or his counsel requests be executed for the voluntary transfer of the FCC license to the Receiver's control.

7.    John Salov shall fully complete the Fact Information Sheets for himself and Digital TV of Orlando, LLC that were ordered to be completed in this Court's May 10, 2012 Order Granting Plaintiff's Motion to Compel Defendants to Complete Fact Information Sheets.

8.    Plaintiff's counsel will advise Defendants' counsel of deficiencies in the Fact Information Sheets and documents produced therewith by 5:00 p.m. on August 22, 2012.

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

OAKVILLE TOWER HOLDINGS, LLC,
a Florida limited liability company,

     Plaintiff,

v.

DIGITAL TV OF ORLANDO, LLC, a
Florida limited liability company, and JOHN
M. SALOV, an individual,

     Defendants.

Case No.: 11-006543
consolidated with
Case No.: 11-006545

RICHLAND TOWER - CHARLESTON,
LLC, a Florida limited liability company,

     Plaintiff,

v.

CHARLESTON DTV, LLC, a South
Carolina limited liability company, and
JOHN M. SALOV, an individual,

     Defendants.

## AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER TRANSFERRING OWNERSHIP OF ASSETS TO RECEIVER

THIS MATTER came before the Court for hearing on August 3, 2012 on Plaintiff

Richland Tower – Charleston, LLC's Motion for Order Transferring Ownership of Assets to

Receiver (the "**Motion**") and on August 21, 2012 at a Status Conference. This Court, having

reviewed the Motion and the file, having heard argument of the Parties, and being otherwise

fully advised in the premises, hereby:



**ORDERS and ADJUDGES** as follows:

1.    The Motion is hereby **GRANTED**.

2.    All control and 100% interest in Charleston DTV, LLC is hereby transferred to the Receiver until such further orders of the Court.

3.    The Receiver is hereby empowered and ordered to take all actions necessary to protect and preserve the FCC license for TV station WHDC-CA and all Collateral and Pledged Assets; to take all actions necessary to transfer the FCC license to his control; and to take all necessary actions to maintain such license.

4.    The Receiver shall not sell, transfer, or otherwise dispose of the FCC license without further order of the Court.

5.    Defendant John Salov is hereby ordered to cooperate with the transfer of control and ownership of Charleston DTV, LLC to the Receiver; to cooperate with the transfer of the FCC license to the Receiver; and to take all actions and file all documents necessary to effectuate these transfers.

6.    Defendant John Salov is ordered to execute, within twenty-four (24) hours of the entry of this Order, all documents that the Receiver or his counsel requests be executed for the voluntary transfer of the FCC license to the Receiver's control.

7.    John Salov shall fully complete the Fact Information Sheets for himself and Charleston DTV, LLC that were ordered to be completed in this Court's May 10, 2012 Order Granting Plaintiff's Motion to Compel Defendants to Complete Fact Information Sheets.

8.    Plaintiff's counsel will advise Defendants' counsel of deficiencies in the Fact Information Sheets and documents produced therewith by 5:00 p.m. on August 22, 2012.

9.    The revised, fully completed Fact Information Sheets shall be provided to Plaintiff's counsel no later than 5:00 p.m. on September 4, 2012.  Failure to fully complete all Fact Information Sheets and provide all required documentation shall subject John Salov to incarceration by this Court.

DONE and ORDERED in Chambers in Hillsborough County, Florida on this _____ day of _____, 2012.

ORIGINAL SIGNED

AUG 2 2 2012

MICHELLE SISCO
CIRCUIT COURT JUDGE

MICHELLE SISCO
CIRCUIT COURT JUDGE

Copies to:

William J. Judge, Esq.
Lori V. Vaughan, Esq. and Andrew R. Lincoln, Esq.
Larry S. Hyman, 106 S. Tampania Avenue, Ste. 200, Tampa, FL 33609

3

330622v1

NOTICE OF PUBLIC SALE PURSUANT TO FLORIDA STATUTES, SOUTH CAROLINA CODE, AND ARTICLE 9 OF THE UNIFORM COMMERCIAL CODE

Notice is hereby given that pursuant to Section 679.610, Florida Statutes, Section 36-9-610, South Carolina Code, and Article 9 of the Uniform Commercial Code, Seller will sell, to the highest and best bidder for cash at a public sale, certain assets of Digital TV of Orlando, LLC, and certain assets of Charleston DTV, LLC, as more fully described below.

The public sale of assets shall occur as follows:

    Date:       January 31, 2013
    Time:       10:00 a.m.
    Location:   106 S. Tampania Avenue, Suite 200, Tampa, FL 33609

Pursuant to two Orders Directing Receiver to Sell Collateral to Satisfy Judgment entered by the Hillsborough County Circuit Court on September 7, 2012, Larry S. Hyman, as the court-appointed Receiver ("Seller") in the cases of *Oakville Tower Holdings, LLC v. Digital TV of Orlando, LLC, et al.*, Case No. 11-006543 consolidated with *Richland Tower-Charleston v. Charleston DTV, LLC et al.*, Case No. 11-006545 (Hillsborough County Circuit Court), will sell the following Collateral:

1.      Assets of the Digital Class A Television Station owned by Digital TV of Orlando, LLC for Orlando, Florida, which include (i) the FCC License Station WHDO-CD, Facility ID No. 10521 (File No. BLDTA-20121001AYQ); and (ii) ownership of any transmission and studio equipment owned by Digital TV of Orlando, LLC that the Seller has knowledge and possession of. An application for renewal of the station's license currently is pending. Seller is willing to enter into discussions with Buyer to allow Buyer to commence programming on the Station under a mutually-agreeable time brokerage agreement pending action on the application for renewal of license.

2.      Assets of the LPTV Station owned by Charleston DTV, LLC, which include (i) the license for WHDC-LP (File No. BLTVL-20010515AAV, as renewed by BRTTL-20040803AAM). WHDC-LP is currently silent and the status and availability for the current licensed transmission site is unknown. An application for renewal of the station's license currently is pending. Seller is willing to enter into discussions with Buyer to allow Buyer to commence programming on the Station under a mutually-agreeable time brokerage agreement pending action on the application for renewal of license.

Debtors are Digital TV of Orlando, LLC, a Florida limited liability company; Charleston DTV, LLC, a South Carolina limited liability company; and John M. Salov ("Debtors").

Secured Judgment Creditors are Oakville Tower Holdings, LLC, a Florida limited liability company; and Richland Tower – Charleston, LLC, a Florida limited liability company ("Secured Creditors"). The Secured Creditors have informed the Seller that they would be open to discussing entering in to a new lease arrangement with Buyer (s) for tower and building space on their respective towers.



EXHIBIT

The proceeds from the sale of the Collateral shall be applied, to the extent permitted by law, to payment of the expenses associated with the sale and disposition of the Collateral (including the reasonable fees of any attorneys retained by the Receiver), and to the satisfaction of the Debtors' indebtedness owed to the Secured Creditors, and any other obligation to the Secured Creditors which is secured by the Collateral.

The Debtors owe the Secured Creditors the total principal amount of **$1,614,214.35** ($872,122.75 owed to Oakville Tower Holdings, LLC by Digital TV of Orlando, LLC and John M. Salov, and $742,091.60 owed to Richland Tower – Charleston, LLC by Charleston DTV, LLC and John M. Salov) pursuant to the Orders of Final Judgment entered by the above-referenced Court on November 21, 2011, plus statutory post-judgment interest and any additional fees and costs as may be awarded by the Court. On January 8, 2013, the Court will hear argument on Oakville Tower Holdings, LLC's Motion for Post-Judgment Attorneys' Fees and Costs, which Motion requests that the Court award it an additional $245,619.40 in post-judgment fees and costs incurred in its efforts to execute on its Final Judgment. Also on January 8, 2013, the court will hear argument on Richland Tower – Charleston, LLC's Motion for Post-Judgment Attorneys' Fees and Costs, which Motion requests that the Court award it an additional $31,154.13 in post-judgment fees and costs incurred in its efforts to execute on its Final Judgment.

The Debtors, all secondary obligors, and any other interested party are entitled to an accounting of the unpaid indebtedness secured by the Collateral. You may request an accounting by calling the court-appointed Receiver, Larry Hyman, at (813) 875-2701.

The Debtors may be able to exercise any applicable right of redemption at any time before Receiver sells the Collateral by paying the Secured Creditors all amounts owed under the above-referenced Orders of Final Judgment and all other obligations owed by the Debtors to the Secured Creditors, plus statutory interest and all other fees, costs and expenses.

Seller states that this is an as-is where-is sale and there are no warranties or representations relating to title, possession, quiet enjoyment, or the like in this disposition. Seller makes no representation as to the FCC's position concerning, or potential approval of, the sale, which is subject to FCC approval. Potential buyers should perform their own due diligence regarding any and all assets as well as FCC rules and regulations that may apply to this sale, as Seller expressly disclaims knowledge as to any such FCC or other rules and regulations that may govern the sale and any subsequent transfers of assets.

DATED: January _____, 2013

Larry S. Hyman, Receiver
106 S. Tampania Avenue, Ste. 200
Tampa, FL 33609
Telephone:    (813) 875-2701
Facsimile:    (813) 875-2797

January 28, 2013

Larry S. Hyman, Court-Appointed Receiver
106 S. Tampania Ave, Suite 200
Tamp, Florida 33609

Digital TV Of Orlando, LLC
180 W. Michigan Ave
Jackson, MI 49201

<div align="center">

*Re: Station WHDO-CA, Orlando, Florida*

</div>

Dear Sirs:

This letter ("Letter of Intent") sets forth the terms pursuant to which OTA Broadcasting, LLC, a Delaware limited liability company or its assigns ("OTA" or Buyer") is willing to purchase from Larry S. Hyman, Court-Appointed Receiver ("Seller") on behalf of Digital TV Of Orlando, LLC ("DTO"), substantially all of the Assets (as defined below) used or useful in the business and operation of WHDO-CD (FCC Facility ID 10521), a Digital Class A TV television station serving the Orlando, Florida (the "Station")(the "Contemplated Transaction"). If accepted, these terms will form the basis for finalization of a definitive asset purchase agreement for the Station ("Definitive Agreement").

1.      Assets:  Seller shall sell and transfer, and the Buyer shall acquire good and marketable title, free and clear of all liens, mortgages, encumbrances and rights of third parties, to, all of the tangible and intangible assets that are owned, used or useful in the operation of the Station, including all real and personal property, machinery, equipment, furniture, fixtures, supplies, inventory, vehicles, operating leases (without material change), FCC licenses (including the Station's call letters), programming contracts, advertiser lists, trade names, trademarks, copyrights and all other tangible and intangible assets (collectively, the "Assets").

2.      Excluded Assets:  The Assets shall not include Seller's cash and accounts receivable, books or records pertaining to corporate organization, employee pension and other benefit plans or intercompany accounts related to Seller or any other liabilities, obligations or contracts not specifically assumed in writing by Buyer.

3       Purchase Price:  OTA proposes to pay Seller as consideration for the Assets, a total purchase price of One Million Seven Hundred Thousand Dollars ($1,700,000) ("Purchase Price") in immediately available funds.

4.      Closing: Payment of the Purchase Price and the closing of the Contemplated Transaction (the "Closing") is expressly conditioned upon (i) the FCC's approval of an assignment application to be filed by the parties within (5) days after execution of a Definitive



Agreement assigning the Station's FCC licenses to Buyer ("Assignment Application"), (ii) renewal of the Station's FCC license (filed on October 2, 2012 under FCC File BRTTA-20121001AYR which must be approved before the FCC will act on the Assignment Application)("License Renewal"), (iii) the absence of any judgment, order or injunction that restrains the transaction; and (iv) the receipt of customary closing documents transferring title to the Assets to Buyer. Seller agrees to diligently take all such actions, required to obtain a grant of the License Renewal and the Assignment Application and to satisfy the conditions noted above.

5.    Assets.    OTA shall purchase the Assets free and clear of all liabilities, liens, claims, encumbrances or rights of third parties (other than for permitted exceptions as agreed upon by the parties in the Definitive Agreement) as of the date of the Closing). OTA will not assume any contracts of Seller, except for the Tower Lease described below.

6.    Escrow: Upon the signing of the Definitive Agreement, OTA will deposit funds into an escrow account to be held in escrow with JP Morgan Chase Bank, National Association until the Closing. At the Closing, the Escrowed Funds shall be released to Seller and OTA will pay any balance of the Purchase Price to Seller. If the Closing does not occur for any reason other than OTA's uncured material breach of the Definitive Agreement, the Escrowed Funds will be returned to OTA. If the Closing does not occur due to an uncured material breach of the Definitive Agreement by OTA, the Escrowed Funds will be delivered to Seller as liquidated damages, as Seller's sole and exclusive remedy. Should Seller or Buyer fail to timely perform their respective obligations under the Definitive Agreement, the other party shall have the right to seek specific performance and such other equitable relief as it deems appropriate.

7.    Tower Lease Agreement: At Closing, Buyer will either (i) assume the original tower lease agreement between Oakville Tower Holdings, LLC ("Oakville") and DTO dated November 21, 2007 (the term of which expires November 1, 2022 ("Old Lease") or (ii) enter into a new lease with Oakville Tower Holdings, LLC for use of the same tower space used by DTO for a term expiring on November 1, 2022, rent in the amount of $3,000 per month, and a 4% annual rental escalation ("New Lease"). We note that based on Oakville's judgment against DTO, approximately $600,000 of the judgment covers future accelerated rent. OTA's offer herein, is priced based on entering into a New Lease on the terms outlined above. If Seller requires OTA to assume the Old Lease, the Purchase Price will be reduced by the delta between the total lease payments that OTA will be obligated to pay under the Old Lease versus the total lease payments that OTA would have paid if it entered into the New Lease.

8.    Definitive Agreement: OTA will undertake its due diligence for the Station and provide Seller and its legal counsel a first draft of the Definitive Agreement within five (5) business days of Seller's acceptance of this Letter. Except for the closing conditions enumerated above, and the requirement that the Station's FCC License be in full force and effect and that the Station is operating within the licensed parameters, the Assets will be transferred to Buyer on an AS-IS, WHERE-IS condition. The Definitive Agreement will specifically provide that closing shall occur as soon as possible, and in no event more than five (5) business days after the FCC's grant of the Assignment Application becomes a final and non-appealable order ("Final Order"); provided, however, so long as no petitions to deny or other objections are filed against the

Assignment Application, Buyer will close within five (5) business days after the FCC's grant of the Assignment Application and License Renewal.

9.    Access to the Properties:  At all times prior to the termination or expiration of this Letter of Intent, Seller shall provide OTA and its representatives, agents and employees reasonable access to the tangible assets, agreements and licenses of the Station as may be reasonably requested by OTA or its representatives, agents or employees, provided, however, that all such access shall require the express consent of the Seller and shall be scheduled and limited such that the transaction shall not be disclosed to Station staff or any person or entity having a relationship to Seller or the Station, except to the extent expressly authorized by Seller.

10.    Conduct of Business:  During the period from the date of this Letter of Intent until the termination hereof, Seller shall operate the Station in the ordinary course of business and refrain from any extraordinary transactions.

11.    Expenses:   Each party shall separately bear its own expenses incurred in connection with this Letter of Intent and the Contemplated Transaction, regardless of whether or not the Contemplated Transaction is consummated; provided, however, that the parties shall equally bear the filing fee associated with the FCC Application.

12.    Broker's or Finder's Fees:  Each Party will pay its own brokerage fees with respect to the Contemplated Transaction, if any.

13.    Entire Understanding:  This Letter of Intent constitutes the entire understanding between the parties and supersedes all prior discussions between the parties on the subject matter hereof. This Letter of Intent may be amended or modified only by a writing executed by each of the parties.

14.    Authority:  Each of the undersigned has the full power and authority to execute and deliver this Letter of Intent on behalf of his or her respective entity.

15.    Attorney's Fees and Costs:  In the event any action is brought by either party to this Letter of Intent to enforce or interpret its terms or provisions, the prevailing party in any such action that results in a final, non-appealable order by a court of competent jurisdiction shall be entitled to reasonable attorney's fees and costs.

16.    Counterparts; Facsimile:  This Letter of Intent may be executed in one or more counterparts, all of which when fully executed and delivered by the parties and taken together shall constitute a single agreement, binding against each of the parties.  To the maximum extent permitted by law or by any applicable governmental authority, any document may be signed and transmitted by facsimile with the same validity as if it were an ink-signed document.

17.    Expiration:  This proposal shall automatically expire at 9:00 a.m. EDT on Friday February, 1, 2013, unless Buyer receives a signed copy of this Letter of Intent reflecting Seller's acceptance below.

3

18.    <u>Intention of the parties</u>:  This Letter of Intent is intended to serve only as a mutual expression of the parties' intentions with respect to the Contemplated Transaction and, except as set forth at sections 11 through 18, is not intended as a legally binding contract or commitment. The parties shall have no legal obligation with respect to the Contemplated Transaction, other than as expressly herein provided, unless and until a Definitive Agreement is executed by them.

*[Remainder of Page Intentionally Left Blank]*

4

If the foregoing correctly states our mutual intentions, please sign and return the enclosed copy of this Letter of Intent to the undersigned.

Sincerely,

**OTA BROADCASTING, LLC**

By: _____

Name: Bill Tolpegin

Title:  CEO

Dated: _____

*Agreed to and acknowledged as a correct statement of mutual intentions:*

**LARRY S. HYMAN, COURT-APPOINTED RECEIVER**

By: _____

Name:

Title:

Dated: _____

*[Signature Page to Letter of Intent]*

5



# Fwd: WHDO

**RussK** <kosslaw@gmail.com>                                        Tue, Jan 29, 2013 at 5:18 PM
To: duncan cooper <duncanbcooper@gmail.com>, Burt Sherwood <burtsherwood@verizon.net>, John Salov
<johnwjkn@comcast.net>

---------- Forwarded message ----------
From: "Fronabarger, Paige" <                            >
Date: Jan 29, 2013 2:55 PM
Subject: WHDO
To: "Dan J. Alpert (            )" <                  >, "RussK (            )" <                  >
Cc: "Bill Tolpegin" <                        >

Dear Dan and Russ,

As you know, OTA has been trying to have meaningful discussions about purchasing radio station WHDO since early December. Our understanding is that the goal of the state court was to have the Receiver sell the assets of WHDO and the other station at public sale in order to satisfy creditor claims, including (but not limited to) those of Richland tower. To date, we do not know the total amount required to satisfy all creditor claims and only learned about another lien creditor on Friday. We also do not have an asset list.

In addition, while the receiver is requiring payment of 100% of the purchase price in less than one week, he has not indicated if he plans to escrow that money until FCC approval is obtained? If the Receiver's plan is to complete a sale Thursday, and require a non-refundable payment at that time, what assets will a buyer be deemed to have purchased on Thursday since approval of the assignment will take several weeks to conclude? What transfer instruments will be used and when will they be delivered? Are the assets being sold free from liens or does a buyer need to address other creditors outside the sale? If the payment flows before title, what happens in the event the FCC denies the assignment application or the license is cancelled before a buyer can assume control? We believe these answers are essential to any arm's length sale (even at auction).

Given these uncertainties, OTA is unable to attend the public sale. Nevertheless, OTA remains willing to pursue a sale of these assets in a manner that help's creditor's recoup as much of their losses as possible- so long as such sale is on commercially reasonable terms. In its present structure, the auction favors purchase via Richland's "credit bid." The reason is that a credit bidder does not risk out of pocket funds to pay for assets it cannot legally own or control until conditions outside of its control are met. By limiting the pool of bidders, it is unlikely the sale will result in the highest possible bid.

To the extent the receiver is willing to sell the assets on commercial terms that do not favor a credit bidder, attached is a signed letter of intent setting out the terms under which OTA would be willing to negotiate a definitive purchase agreement to acquire the assets of WHDO-CD.



EXHIBIT

Regards,


Paige


WILKINSON BARKER KNAUER LLP

**PAIGE K. FRONABARGER**
PARTNER
2300 N STREET, NW
SUITE 700
WASHINGTON, DC 20037-1128
MAIN
DIRECT
FAX




This electronic message transmission contains information from the law firm of Wilkinson Barker Knauer, LLP which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone at                  or by electronic mail                                 immediately.


**2 attachments**

WILKINSON BARKER KNAUER LLP  **imaged40f0a.JPG**
6K

📎 **WHDO-CA EOI 1.28.13.pdf**
293K

Another major lien – duncanbcooper@gmail.com · Gmail

2/3/13 2:23 PM

64 of 362

From: Thomas R. Raines
Date: Jan 28, 2013 2:06 PM
Subject: RE: Digital TV Orlando, LLC & Investor Draft
To: Thomas R. Raines

Starred
Important
Sent Mail
Drafts (36)
...

Russell Oss
Burt Sherwood
Jim Gleason
Kimberly Satkowski
Ibe Decoder
Russell Oss
Jim Gleason
Smittle

Call with Russell Oss
20 years experience

Compare options



EXHIBIT

# STATE OF FLORIDA UNIFORM COMMERCIAL CODE
# FINANCING STATEMENT FORM

A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON
THOMAS R. RAINES 93120 226-1166

B. SEND ACKNOWLEDGEMENT TO:

| | |
|---|---|
| Name | THOMAS R. RAINES ATTORNEY AT LAW, LLC |
| Address | 815 WEST VAN BUREN STREET |
| Address | SUITE 204 |
| City/State/Zip | CHICAGO, IL 60607 |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

---

**1. DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (1a OR 1b) – Do Not Abbreviate or Combine Names**

1.a ORGANIZATION'S NAME
DIGITAL TV OF ORLANDO, LLC

| 1.b INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

1.c MAILING ADDRESS Line One
PO BOX C-11949

This space not available.

| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| SUITE 702 | SANTA ANA | CA | 92711 | USA |

| 1.d TAX ID# | REQUIRED ADD'L INFO RE: ORGANIZATION DEBTOR | 1.e TYPE OF ORGANIZATION LLC | 1.f JURISDICTION OF ORGANIZATION FL | 1.g ORGANIZATIONAL ID# 1.07000063513 |
|---|---|---|---|---|

---

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (2a OR 2b) – Do Not Abbreviate or Combine Names**

2.a ORGANIZATION'S NAME
LOCAL HDTV, INC.

| 2.b INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

2.c MAILING ADDRESS Line One
180 W. MICHIGAN AVENUE

This space not available.

| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | JACKSON | MI | 49201 | USA |

| 2.d TAX ID# | REQUIRED ADD'L INFO RE: ORGANIZATION DEBTOR | 2.e TYPE OF ORGANIZATION CORP. | 2.f JURISDICTION OF ORGANIZATION NEVADA | 2.g ORGANIZATIONAL ID# NV20081339741 |
|---|---|---|---|---|

---

**3. SECURED PARTY'S NAME  (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – INSERT ONLY ONE SECURED PARTY (3a OR3b)**

3.a ORGANIZATION'S NAME
SALDANA HOLDINGS, LLC

| 3.b INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

3.c MAILING ADDRESS Line One
1 S. WACKER DRIVE

This space not available.

| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| SUITE 1660 | CHICAGO | IL | 60606 | USA |

---

**4. This FINANCING STATEMENT** covers the following collateral:

ALL OF DEBTOR'S PROPERTY, INCLUDING, BUT NOT LIMITED TO ACCESSIONS, ACCOUNTS, CHATTEL PAPER, COMMERCIAL TORT CLAIMS, COMINGLED GOODS, CONSUMER GOODS, ANY ITEMS IN ITS CONTROL, DEPOSIT ACCOUNTS, DOCUMENTS, LICENSES, ELECTRONIC ASSETS OF ANY AND ALL KIND, LETTER OF CREDIT RIGHTS, CREDIT LINES, PROMISSORY NOTES, ANY PROCEEDS AND TANGIBLE CHATTEL PAPER.

THIS FINANCING STATEMENT SHALL BE FILED WITH FLORIDA SECURED TRANSACTION REGISTRY.

---

5. ALTERNATE DESIGNATION (if applicable)

| ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR |
|---|---|---|
| ☐ AG. LIEN | ☐ NON-UCC FILING | ☐ SELLER/BUYER |

6. Florida DOCUMENTARY STAMP TAX – YOU ARE REQUIRED TO CHECK EXACTLY ONE BOX

☐ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.

**X**  Florida Documentary Stamp Tax is not required.

---

**7. OPTIONAL FILER REFERENCE DATA**

---

STANDARD FORM - FORM UCC-1  (REV.01/2009)          Filing Office Copy          Approved by the Secretary of State, State of Florida


EXHIBIT

# STATE OF FLORIDA UNIFORM COMMERCIAL CODE
# FINANCING STATEMENT FORM

A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON
THOMAS R. RAINES 93120 226-1166

B. SEND ACKNOWLEDGEMENT TO:

Name          THOMAS R. RAINES ATTORNEY AT LAW, LLC

Address       815 WEST VAN BUREN STREET

Address       SUITE 204

City/State/Zip    CHICAGO, IL 60607

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

## 1. DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (1a OR 1b) – Do Not Abbreviate or Combine Names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| W36CO CHANNEL 36 ST. PETERSBURG | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

| 1c. MAILING ADDRESS Line One | | | | | |
|---|---|---|---|---|---|
| PO BOX C-11949 | | This space not available. | | | |
| MAILING ADDRESS Line Two | CITY SANTA ANA | | STATE CA | POSTAL CODE 92711 | COUNTRY USA |

| 1d. TAX ID# | REQUIRED ADD'L INFO RE. ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION LLC | 1f. JURISDICTION OF ORGANIZATION CA | 1g. ORGANIZATIONAL ID# ☐ NONE |
|---|---|---|---|---|

## 2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (2a OR 2b) – Do Not Abbreviate or Combine Names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| LOCAL HDTV, INC. | | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

| 2c. MAILING ADDRESS Line One | | | | | |
|---|---|---|---|---|---|
| 180 W. MICHIGAN AVENUE | | This space not available. | | | |
| MAILING ADDRESS Line Two | CITY JACKSON | | STATE MI | POSTAL CODE 49201 | COUNTRY USA |

| 2d. TAX ID# | REQUIRED ADD'L INFO RE. ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION CORP. | 2f. JURISDICTION OF ORGANIZATION NEVADA | 2g. ORGANIZATIONAL ID# NV200813397-1 |
|---|---|---|---|---|

## 3. SECURED PARTY'S NAME ( or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – INSERT ONLY ONE SECURED PARTY (3a OR 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| SALDANA HOLDINGS, LLC | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

| 3c. MAILING ADDRESS Line One | | | | | |
|---|---|---|---|---|---|
| 1 S. WACKER DRIVE | | This space not available. | | | |
| MAILING ADDRESS Line Two SUITE 1660 | CITY CHICAGO | | STATE IL | POSTAL CODE 60606 | COUNTRY USA |

## 4. This FINANCING STATEMENT covers the following collateral:

ALL OF DEBTOR'S PROPERTY, INCLUDING, BUT NOT LIMITED TO ACCESSIONS, ACCOUNTS, CHATTEL PAPER, COMMERCIAL TORT CLAIMS, COMINGLED GOODS, CONSUMER GOODS, ANY ITEMS IN ITS CONTROL, DEPOSIT ACCOUNTS, DOCUMENTS, LICENSES, ELECTRONIC ASSETS OF ANY AND ALL KIND, LETTER OF CREDIT RIGHTS, CREDIT LINES, PROMISSORY NOTES, ANY PROCEEDS AND TANGIBLE CHATTEL PAPER.

THIS FINANCING STATEMENT SHALL BE FILED WITH FLORIDA SECURED TRANSACTION REGISTRY.

| 5. ALTERNATE DESIGNATION (if applicable) | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR |
|---|---|---|---|
| | ☐ AG. LIEN | ☐ NON-UCC FILING | ☐ SELLER/BUYER |

## 6. Florida DOCUMENTARY STAMP TAX – YOU ARE REQUIRED TO CHECK EXACTLY ONE BOX

☐ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.

**X** Florida Documentary Stamp Tax is not required.

## 7. OPTIONAL FILER REFERENCE DATA

STANDARD FORM - FORM UCC-1 (REV.01/2009)          Filing Office Copy          Approved by the Secretary of State, State of Florida

# UCC-1

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY.

A. NAME & PHONE OF CONTACT AT FILER [optional]
THOMAS R. RAINES                                                     3122261166

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

THOMAS R. RAINES ATTORNEY AT LAW, LLC

815 WEST VAN BUREN STREET

CHICAGO, IL 60607

SC SECRETARY OF STATE   NS
120131b-1536490
Lapse Date: 03/15/2017
Date:        3/15/2012
Time:        3:36 PM
Page Count:  1 Pg
Debtor Count: 2
Filing Fees:  $8.00
Electronic
Record Access: $8.00
Total:       $16.00
Order ID# 5247756

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME
CHARLESTON DTV, LLC

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1703 LAUREL STREET | COLUMBIA | SC | 29201 | US |

| 1d. TAX ID# (Organization) | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| DO NOT USE | | LLC | SC | | NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME
LOCAL HDTV, INC.

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 180 W. MICHIGAN AVENUE | JACKSON | MI | 49201 | US |

| 2d. TAX ID# (Organization) | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| DO NOT USE | | CORP | NV | NV20081339741 | X NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME
SALDANA HOLDINGS, LLC

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1 S. WACKER DRIVE | SUITE 1660 | CHICAGO | IL | 60606 | US |

4. This FINANCING STATEMENT covers the following collateral:
ALL OF DEBTOR'S PROPERTY, INCLUDING, BUT NOT LIMITED TO ACCESSIONS, ACCOUNTS, CHATTEL PAPER, COMMERCIAL TORT CLAIMS, COMINGLED GOODS, CONSUMER GOODS, ANY ITEMS IN ITS CONTROL, DEPOSIT ACCOUNTS, DOCUMENTS, LICENSES, ELECTRONIC ASSETS OF ANY AND ALL KIND, LETTER OF CREDIT RIGHTS, CREDIT LINES, PROMISSORY NOTES, ANY PROCEEDS AND TANGIBLE CHATTEL PAPER.

| 5. ALTERNATIVE DESIGNATION (if applicable) | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) | NOT USED |
|---|---|---|

8. OPTIONAL FILER REFERENCE DATA
LOCAL HDTV CHARLESTON DTV UCC

SOUTH CAROLINA SECRETARY OF STATE'S OFFICE, 1205 Pendleton Street Suite 525 Columbia, SC 29201                    (03/01/2011)

 

Initial Filing

Please review the UCC Financing Statement below.
When the statement is accurate and complete, select **Submit Filing**. A fee will be charged. Refer to the Fee Schedule in the HELP section for current fees.
To make changes to the UCC Financing Statement, select the **Edit Filing** button.
If you do not wish to submit this filing, select **Cancel**.

[ Cancel ]  [ Edit Filing ]  [ Submit Filing ]

**UCC FINANCING STATEMENT**
**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

| A. NAME & PHONE OF CONTACT AT FILER [optional] | |
|---|---|
| 312-226-1166 | DOCUMENT NUMBER: 32403010003 |
| B. SEND ACKNOWLEDGMENT TO: (Name and Address)<br>THOMAS R. RAINES ATTORNEY AT LAW, LLC<br>815 WEST VAN BUREN STREET<br>SUITE 204<br>CHICAGO, IL 60607<br>USA | FILING NUMBER:<br>FILING DATE:<br>IMAGE GENERATED<br>ELECTRONICALLY FOR WEB FILING<br>THE ABOVE SPACE IS FOR CA FILING<br>OFFICE USE ONLY |

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only <u>one</u> debtor name (1a or 1b) - do not abbreviate or combine names**

| OR | 1a. ORGANIZATION'S NAME<br>PALM SPRINGS DTV, LLC | | | | |
|---|---|---|---|---|---|
| | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| | 1c. MAILING ADDRESS<br>180 W. MICHIGAN AVENUE | CITY<br>JACKSON | | STATE<br>MI | POSTAL CODE<br>49201 | COUNTRY<br>USA |
| | 1d. <u>SEE INSTRUCTIONS</u> | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION<br>LIMITED LIABILITY COMPANY | 1f. JURISDICTION OF ORGANIZATION<br>CA | 1g. ORGANIZATIONAL ID#, if any<br>200726710131  ☐NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only <u>one</u> debtor name (2a or 2b) - do not abbreviate or combine names**

| OR | 2a. ORGANIZATION'S NAME<br>LOCAL HDTV, INC. | | | | |
|---|---|---|---|---|---|
| | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| | 2c. MAILING ADDRESS<br>180 W. MICHIGAN AVENUE | CITY<br>JACKSON | | STATE<br>MI | POSTAL CODE<br>49201 | COUNTRY<br>USA |
| | 2d. <u>SEE INSTRUCTIONS</u> | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION<br>CORPORATION | 2f. JURISDICTION OF ORGANIZATION<br>NV | 2g. ORGANIZATIONAL ID#, if any<br>NV20081339741  ☐NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only <u>one</u> secured party name (3a or 3b)**

| OR | 3a. ORGANIZATION'S NAME<br>SALDANA HOLDINGS. LLC | | | |
|---|---|---|---|---|
| | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS<br>1 SOUTH WACKER DRIVE, SUITE 1660 | CITY<br>CHICAGO | STATE<br>IL | POSTAL<br>CODE<br>60606 | COUNTRY<br>USA |
|---|---|---|---|---|

**4. This FINANCING STATEMENT covers the following collateral:**
ALL OF DEBTOR'S PROPERTY, INCLUDING, BUT NOT LIMITED TO ACCESSIONS. ACCOUNTS.
CHATTEL PAPER, COMMERCIAL TORT CLAIMS, COMINGLED GOODS.
CONSUMER GOODS, ANY ITEMS IN ITS CONTROL, DEPOSIT ACCOUNTS, DOCUMENTS, LICENSES.
ELECTRONIC ASSETS OF ANY AND ALL KIND, LETTER OF
CREDIT RIGHTS, CREDIT LINES. PROMISSORY NOTES, ANY PROCEEDS AND TANGIBLE CHATTEL
PAPER.

**5. ALT DESIGNATION:** ⌐LESSEE/LESSOR ⌐CONSIGNEE/CONSIGNOR ⌐BAILEE/BAILOR
⌐SELLER/BUYER ⌐AG. LIEN ⌐NON-UCC FILING

| ⌐6. This FINANCING STATEMENT is to be filed<br>[for record] (or recorded) in the REAL ESTATE<br>RECORDS<br>Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on<br>Debtor(s)<br>[ADDITIONAL FEE]        [optional] ⌐All Debtors<br>⌐Debtor 1 ⌐Debtor 2 |
|---|---|
| **8. OPTIONAL FILER REFERENCE DATA** | |

**FILING OFFICE COPY**



**Department of State**
Ruth Johnson, Secretary of State

MICHIGAN.GOV
Michigan's
Official
Web Site

Michigan.gov Home          UCC Online Home  |  FAQs  |  Contact Us  |  Logoff (Thomas Raines)          ⏻ Help

**FILING SERVICES**

**Initial Financing Statement**

 Debtors
 Secured Parties
 Collateral
 Other Options
> Verification

Amendment Financing
Statement

Statement of Claim

Information Request

**SHOPPING TOOLS**

Current Certification
Date

Debtor Name Quick
Search

Shopping Cart

Order History

My Account

Need Help? Contact Us

**OTHER RESOURCES**

Publications

**Initial Financing Statement - Verification**

Verify the information below. Select the appropriate **Edit** or **Add** button to make any necessary changes. When you are finished, click **Add to Cart** to continue.

**The cost of this filing will be: $15.00**

**Debtor(s)**

| Name and Address | Additional Information | Actions |
|---|---|---|
| **LOCAL HDTV, INC.**<br>180 W. MICHIGAN AVENUE<br>JACKSON, Michigan 49201<br>United States | Type of Organization: CORPORATION<br>Jurisdiction: NEVADA<br>Organization ID: NV20081339741 | Edit   Delete |
| **SMG MEDIA GROUP, LLC**<br>180 W. MICHIGAN AVENUE<br>JACKSON, Michigan 49201<br>United States | Type of Organization: LLC<br>Jurisdiction: MI<br>Organization ID: B5789V | Edit   Delete |

Add Debtor

**Secured Party(s)**

| Name and Address | Secured Party Type | Actions |
|---|---|---|
| **SALDANA HOLDINGS, LLC**<br>1 S. WACKER DRIVE, STE 1660<br>CHICAGO, Illinois 60606<br>United States | | Edit   Delete |

Add Secured Party

**Collateral**

ALL OF DEBTOR'S PROPERTY, INCLUDING, BUT NOT LIMITED TO ACCESSIONS, ACCOUNTS, CHATTEL PAPER, COMMERCIAL TORT CLAIMS, COMINGLED GOODS, CONSUMER GOODS, ANY ITEMS IN ITS CONTROL, DEPOSIT ACCOUNTS, DOCUMENTS, LICENSES, ELECTRONIC ASSETS OF ANY AND ALL KIND, LETTER OF CREDIT RIGHTS, CREDIT LINES, PROMISSORY NOTES, ANY PROCEEDS AND TANGIBLE CHATTEL PAPER.

Edit Collateral

**Other Options**
**Alternative Designation**

**Check if Applicable**

**Check only one if Applicable**

**Check only one if Applicable**

**Optional Filer Reference Data**
LOCAL HDTV ANN ARBOR UCC

UCC Online : Order Summary



## Department of State
### Ruth Johnson, Secretary of State

MICHIGAN.GOV
Michigan's
Official
Web Site

Michigan.gov Home | **UCC Online Home** | FAQs | Contact Us | **Logoff (Thomas Raines)** | Help

**FILING SERVICES**
Initial Financing Statement
Amendment Financing Statement
Statement of Claim
Information Request

**SHOPPING TOOLS**
Current Certification Date
Debtor Name Quick Search

▶ **Shopping Cart**
Order History
My Account
Need Help? Contact Us

**OTHER RESOURCES**
Publications

**Order Confirmation**

Steps: 1. Billing Address    2. Correspondence Address    3. Place Your Order    **4. Order Complete**

A system-generated message has been sent to your e-mail address. You may also wish to print this page for your records.

Your order will be delivered to **Order History** when processing completes (usually within an hour). Please check that page for results.

**Order Number:** 376388
**Confirmation Number:** 12031534963160
**Job Number:** U20120315-1132
**Date:** 3/15/2012 4:00 PM

| Contents | Order Date/Time | Fee |
|---|---|---|
| **Initial Financing Statement**<br>Debtors(2) Secured Parties(1) | 3/15/2012 4:00:12 PM | $15.00 |
| | Subtotal: | $15.00 |
| | TOTAL: | $15.00 |

**Billing Address:**
Thomas Raines
815 West Van Buren Street
Chicago, IL 60607
US

**Correspondence Address:**
Thomas Raines
815 West Van Buren Street
Chicago, IL 60607
US

[ Printer Friendly View ]  [ Order History ]

Michigan.gov Home | SOS Home | Sitemap | UCC Online Home
Accessibility Policy | Privacy Policy | Link Policy | Security Policy

Copyright © 2001-2012 State of Michigan

Fwd  Digital TV Orlando, LLC & Charleston DTV, LLC – Auction 01/31/13 – duncantcooper@gmail.com – Gmail                2/3/13 2:02 PM



**From:** Russell Imalito
**Sent:** Monday, January 28, 2013 11:18 PM
**To:** Larry Hyman
**Cc:** John Saravo, Duncan Cooper
**Subject:** Re: Digital TV Orlando, LLC & Charleston DTV, LLC – Auction 1/31/13

Dear Mister Hyman

As of this moment I do not know who will attend the auction, if anybody.  Under separate email I will send you a copy of a motion we are filing with the court.  Part of this involves the amount of rent credits which will be due when the property is re-rented.  Adjustments need to be made for any rent paid by another party.

We learned late Friday that there is another party which is claiming a UCC lien.  That party is claiming they are superior to the judgment liens.  It appears that there is a duty to disclose to any prospective purchaser of the existence of such a claim.  Further, that resolution of the conflicting claims should be made by the court.

Finally, our client John Saravo will be filing Chapter 7 bankruptcy.

Thank you,

Russell Koss

2 attachments

Emergency motion sale 1-30-13.pdf
532K

order grantingEmergency motion sale 1-31-13.pdf
21K


EXHIBIT

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICAL COURT
IN AND OR HILLSBOROUGH COUNTY. FLORIDA

OAKVILLE TOWER HOLDINGS. LLC.

A Florida limited liability company.

        Plaintiff

                                   CASE NUMBER : 11-006543

                                      Consolidated with

                                     Case No.:11-006545

v.

DIGITAL TV OF ORLANDO. LLC. a

Florida limited liability company. and JOHN

M. SALOV. an individual

        Defendants

RICHLAND TOWER-CHARLESTON. LLC.

A Florida limited liability company.

        Plaintiff.

v.

CHARLESTON DTV. LLC. a South

Carolina limited liability company. and

JOHN M. SALOV. an individual.

        Defendants.

---

**NOTICE OF LIMITED APPEARANCE, MOTION FOR RENT CREDIT,
MOTION FOR ATTORNEYS FEES AND MOTION FOR**

**EXHIBIT**

tabbies

_____

## POSTPONEMENT OF RECEIVERS SALE AND CLARIFICATION OF TERMS OF SALE

### NOTICE OF LIMITED APPEARANCE

Russell S. Koss does hereby file file a limited appearance for the purposes of representation of Defendants DIGITAL TV OF ORLANDO and CHARLESTONDTV, LLC, a South Carolina limited liability company and JOHN M. SALOV, an individual.

### MOTION FOR RENT CREDIT

1. Plaintiff OAKVILLE TOWER HOLDINGS secured judgments in the respective principal sums of $837,769.24 and $712,655.00 on November 21, 2011.

2. On January 8, 2013 additional damages were awarded to Plaintiffs.

3. The judgments were based on the detailed monthly lease obligations which were outlined in an exhibit attached to the complaint and which for reference, is attached to this motion.

4. The judgments were for back lease payments as well as future lease payments.

5. The exhibit itemized Plaintiff's damages for future lease payments as:
   Net Accelerated rent Orlando through 11/1/2022:     $663051.92
   Net Accelerated rent Charleston through 1/1.2023 $601693.72

6. The Defendants are entitled to a credit for any lease payments PLAINTIFFS relating to reletting the property in the future.

7. A company known as OTA has expressed an interest in purchasing the assets of the Defendant DIGITAL TV OF ORLANDO, which assets are being held by the receiver.

8. OTA has informed the undersigned it is willing to tender the amount of the judgment to the clerk of this court subject to terms that are commercially usual, reasonable and customary for a transactions of this type.

9. PLAINTIFF has informed OTA that if OTA pays the amount of the judgment it is not entitled to receive credit for future rents and must execute a new lease.

10. The position taken by the judgment creditor is that it is entitled to double recover lease payments.

11. Plaintiffs are not entitled to collect twice for the same monthly rents, but rather, any rents collected by Plaintiffs which are already included in the judgment by way of accelerated rents must be credited to the respective Defendants.

12. The law is clear on this point. The leading case is a Second District opinion, Horizon Medical Group PA v. City Center of Charlotte County, Limited 779 So.2d 545 (Fla. 2d DCA 2001) wherein the court stated, in part as follows:

1. " While City Center validly exercised its option to seek accelerated rent from Horizon, it cannot collect accelerated rent from Horizon, relet the premises to a third-party during the remainder of the lease term, and retain those rental proceeds as well…Any rental proceeds received by City Center from reletting the premises during the remainder of the lease term must be applied to the accelerated rent due from Horizon."

WHEREFORE, DEFENDANTS REQUEST THIS COURT ENTER AN ORDER REQUIRING PLAINTIFFS TO CREDIT DEFENDANTS FOR LEASE PAYMENTS AS THEY ARE RECEIVED IN THE FUTURE ON THE RESPECTIVE JUDGMENTS

## MOTION TO CONTINUE RECEIVER SALE

Defendants move that the January 31, 2012 receiver sale be continued and rescheduled and in support thereof states:

1. On January 25, 2013 the undersigned attorney learned that there was a UCC filing on property which was the subject of the OAKVILLE TOWERS judgment, which filing

secured debt of approximately $1,000,000. The filing was confirmed with the judgment creditor's attorney.

2.   The undersigned is of the opinion that the Receiver need to put all prospective purchasers on notice of the filing and all liens, and further the court needs to determine the priority of the respective liens.

3.   That the Receiver should specify the terms and conditions of sale to all prospective purchasers.

4.   That if the OTA group does tender the amount of the judgment to the court under commercially reasonable and proper terms the there will be no need for a Receiver sale and further expense will be a waste of receiver assets.

5.   That if the amount of the judgment is tendered to cthis court by OTA, Plaintiff Oakville will have no stake in the litigation , an essential elelment of a justiciable controversy.

WHEREFORE DEFENDANT MOVES THAT THE RECEIVER BE ORDERED TO RESCHEDULE THE JANUARY 31, 2013 SALE.

## **MOTION FOR ATTORNEYS FEES**

Defendants retained undersigned counsel for the purposes of examination and review of a proper accounting, and as necessary challenging Plaintiffs not giving credit for rents collected, or other credits, now or in the future which would inure to the benefit of Defendants. The Lease Agreement, at paragraph 21.5, previously filed with this Court as an exhibit, states clearly that either party is entitled to attorneys fees to collect any payment. Defendants are seeking to collect the payment for rents collected from third parties, as a credit or offset to the judgment, and are thus entitled to be paid a reasonable attorneys fee in pursuit of that payment.

WHEREFORE THE UNDERSIGNED ATTORNEY RUSSELL S. KOSS REQUESTS
THAT THIS COURT DETERMINE THE AMOUNT OF ATTORNEYS OWED BY
PLAINTIFFS TO HIM.

     Respectfully submitted.


_____

Russell S. Koss. Esquire
FBN: 0119410
Law Offices of Russell Koss
Attorney for Defendant
1502 W. Busch Blvd., Suite H-4
Tampa, Florida 33612
Office: (813) 200-6103
Fax: (813) 933-8014
E-mail:

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

In re:                                        Case No. 8:13-bk-01017

JOHN SALOV                                    Chapter 7

    Debtor.

_____/

## EMERGENCY MOTION FOR ORDER[1] CONFIRMING THAT AUTOMATIC STAY IS NOT IN EFFECT

Creditors, Oakville Tower Holdings, LLC ("**Oakville**") and Richland-Tower Charleston, LLC ("**Richland**"), respectfully request that this Court enter an Order confirming that the automatic stay is not in effect as to assets owned by Digital TV of Orlando, LLC ("**Digital TV**") and Charleston FTV, LLC ("**Charleston**"). As grounds in support, Oakville and Richland state as follows:

1.      This Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 105, 109, and 362, and by virtue of the Debtor, John Salov ("**Salov**" or "**Debtor**") filing a Chapter 7 bankruptcy petition on January 28, 2013.

2.      A consolidated state court case is currently pending in the Hillsborough County Circuit Court styled *Oakville Tower Holdings, LLC v. Digital TV of Orlando, LLC, et al.* and *Richland Tower-Charleston, LLC v. Charleston DTV, LLC, et al.*, Case No. 11-006543 consolidated with Case No. 11-006545 ("**State Court Case**").

3.      On or about November 21, 201 , Oakville obtained a judgment against Digital TV in the amount of $872,122.75[2] for breach of a lease that Digital TV had with Oakville in

---

[1] Oakville's and Richland's objective here is to allow the Bankruptcy Court to aid the state court in determining whether the automatic stay imposed here as to John Salov extends to assets owned by Digital TV and Charleston, which would effectively result in a cancellation of the public sale of the assets scheduled for tomorrow, January 30, 2013.

EXHIBIT

tabbies®

_____

which Digital TV possessed the rights to broadcast a television station from Oakville's communications tower in Orlando, Florida.  Contemporaneously, Richland obtained a judgment against Charleston in the amount of $742,091.60[*] for breach of a lease that Charleston had with Richland in which Charleston possessed the rights to broadcast a television station from Richland's communications tower in Charleston, South Carolina.

4.      Oakville and Richland simultaneously obtained judgments against Salov in the full amount of the aforementioned judgments because he personally guaranteed the obligations of Digital TV and Charleston under the respective lease agreements.

5.      In the State Court Case, the Court appointed Larry Hyman (the "**Receiver**") and subsequently transferred ownership of all of the assets of Digital TV and Charleston to protect and preserve the FCC licenses and other assets associated with each TV station, which served as collateral for Oakville and Richland.  True and correct copies of the Amended Order Granting Plaintiff's Motion for Order Transferring Ownership of Assets to Received entered in respect to each of the TV stations are attached as Composite Exhibit "A."

6.      In an effort to successfully transfer ownership of the FCC licenses and sell the assets owned by Digital TV and Charleston, the Receiver scheduled a public sale of the assets for Thursday, January 31, 2013, at 10:00 a.m., and gave notice to all known creditors of Digital TV and Charleston.  A copy of the Notice of Public Sale (the "**Sale Notice**")

7.      On Monday, January 28, 2013, Salov filed an emergency motion to stay the Receiver sale in the State Court Case and subsequently filed this bankruptcy case.

8.      Around noon today, Wednesday, January 30, 2013, Oakville and Richland received notice of the Debtor's bankruptcy filing.  At 2:00 p.m. today, Wednesday, January 30,

---

[*] Oakville obtained a supplemental judgment against Digital TV in the amount of $245,619.40 on January 8, 2013.  Richland obtained a supplemental judgment against Charleston in the amount of $31,154.13 on January 8, 2013.

2013, the state court heard the Debtor's emergency motion to stay the Receiver sale of the assets owned by Digital TV and Charleston, and decided to stay the sale pending determination by the Bankruptcy Court as to whether the assets being sold at the public Receiver sale are property of the Debtor's bankruptcy estate.

9.    The assets being sold at the Receiver sale scheduled for tomorrow are owned by Digital TV and Charleston. The Debtor has no ownership interest in the assets being sold.

10.    The Debtor filed this case in bad faith. The Debtor filed the petition with only a few other pages (no schedules or statement of financial affairs) to seek to hinder and delay the Receiver's sale of the assets of Digital TV and Charleston. As Digital TV nor Charleston have filed for bankruptcy protection, the automatic stay imposed as to Salov should not and does not extend to the assets owned by Digital TV and Charleston.

11.    There is severe prejudice to Oakville and Richland if the scheduled sale is canceled. Oakville and Richland, respectively, will be forced to continue to have to fund the Receiver's operation of the stations, which will cause them to incur significant out-of-pocket costs. Between September 2012 and December 2012, Oakville expended $245,619.40 in fees and costs for the Orlando judgment, which included $161,000 operating costs for the Orlando station. These fees and costs continue to accrue and it is unfair and prejudicial to Oakville to have to continue to pay these costs without receiving the attendant benefits of ownership or potential ownership.

12.    Additionally, the longer the FCC licenses stay in limbo tied to the Receiver the higher the probability there is that the FCC will not rule favorably on the renewal of the license.

13.    Canceling the scheduled sale would be prejudicial to other creditors of Digital TV, Charleston, and the Debtor as it is likely that the sale could yield an amount higher than the

judgment amounts held by Oakville and Richland, respectively, which would result in a distribution to other creditors.

WHEREFORE, Oakville and Richland respectfully request that this Court enter an Order: (i) confirming that the automatic stay is not effect as to the assets of Digital TV and Charleston being sold at the Receiver's public sale scheduled on January 31, 2013; (ii) allowing the Receiver to proceed forward with the public sale of the assets set forth in the Sale Notice; and (iii) granting such other and further relief as this Court deems just and proper.

DATED this 30th day of January 2013.

<div style="margin-left:40%;">

_/s/ R. Travis Santos_
R. Travis Santos
Florida Bar No. 0077075
Patrick M. Mosley
Florida Bar No. 0033735
HILL, WARD & HENDERSON, P.A.
Post Office Box 2231
Tampa, Florida 33601
Telephone:    (813) 221-3900
Facsimile:    (813) 221-2900
E-Mail:    tsantos@hwhlaw.com
E-Mail:    pmosley@hwhlaw.com
_Attorneys for Oakville Tower Holdings, LLC_
_and Richland-Tower Charleston, LLC_

</div>

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the Emergency Motion for Order

Confirming that Automatic Stay is Not in Effect is served via mail, e-mail, or facsimile on the

following parties on this 30th day of January, 2013:

John Salov
1502 W. Busch Blvd., Suite H-2
Tampa, Florida 33612

Russell Koss
1502 W. Busch Blvd., Suite H4
Tampa, Florida 33612
Facsimile: (813) 933-8014
E-Mail: lawofficekoss@aol.com

Shari Streit Jansen
P.O. Box 50667
Sarasota, Florida 34232
Facsimile: (941) 378-3320
E-Mail: sharijansen@comcast.net

United States Trustee
Timberland Annex, Suite 1200
501 E. Polk Street
Tampa, Florida 36302



# Fwd: Oakville Tower Holdings v. Digital TV of Orlando, et al [HWHLAW-FirmLive.FID639792]

**RussK** <kosslaw@gmail.com>                                             Mon, Jan 28, 2013 at 2:38 PM
To: Office <lawofficeskoss@aol.com>, duncan cooper <duncanbcooper@gmail.com>

---------- Forwarded message ----------
From: "Sharon A. Donofrio" <                     >
Date: Jan 28, 2013 2:21 PM
Subject: Oakville Tower Holdings v. Digital TV of Orlando, et al [HWHLAW-FirmLive.FID639792]
To: "                     " <                     >, "                     " <                     >
Cc: "William J. Judge" <                     >

Mr. Koss,


Please see the attached correspondence in connection with the above referenced matter.



Sharon




**Sharon Donofrio**
Secretary to William J. Judge, Jr.

and Sherilee J. Samuel

HILL WARD HENDERSON
3700 Bank of America Plaza
101 East Kennedy Boulevard
Tampa, FL 33602

Main:
Fax:
Direct:

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential information, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

EXHIBIT

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

**2 attachments**

 image001.gif
12K

LTR - Judge Sisco re Df_s Motion to Postpone Receiver_s Sale.PDF
55K

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

In re:                                          Case No. 8:13-bk-01017

JOHN SALOV                                      Chapter 7

Debtor.
_____/

### ORDER GRANTING EMERGENCY MOTION FOR ORDER
### CONFIRMING THAT AUTOMATIC STAY IS NOT IN EFFECT

THIS CAUSE came before the Court on the Emergency Motion for Order Confirming That Automatic Stay is Not in Effect (the "Motion") (Doc. 6) filed by Oakville Tower Holdings, LLC and Richland-Tower Charleston, LLC.  This Court, having reviewed the Motion and the record, finds that the Motion should be granted as set forth below.  Accordingly, it is:

ORDERED and ADJUDGED as follows:

1.      The Motion is hereby GRANTED.

2.      The State Court-appointed Receiver, Larry Hyman, may sell the assets of Digital TV of Orlando, LLC and Charleston-DTV, LLC at the public sale scheduled for January 31, 2013, at 10:00 a.m. EST.

3.      However, this order is without prejudice to the chapter 7 trustee's ability to argue, after the Debtor files his bankruptcy schedules, that the assets are, in fact, assets of the bankruptcy estate and that this transfer, therefore, violates 11 U.S.C. § 549.

DONE and ORDERED on  January 31, 2013  .

BY THE COURT

_Catherine M. Ewen_

CATHERINE PEEK McEWEN
United States Bankruptcy Judge

**EXHIBIT**
tabbies



duncanbcooper

Today on AOL

New Mail

Drafts

Sent

Spam

**Re: Need additional info re 1/31 auction of assets of Digital Class A andCharleston DTV**

Larry Hyman

Judgment creditor is the only party that showed up & bid

Sent from my iPhone

On Feb 4, 2013  at 12:08 PM,                    <                    > wrote:

Keep me signed in

AIM works with
Facebook Chat

Larry.  On Friday you  gave me the info re the sale advising the judgment creditor bid in the judgment and succeeded to the assets  I
have an additional question which is, what was the next  highest bid, if any? Thanks for your assistance. Duncan Cooper



EXHIBIT

of 1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the Motion to Void Receiver Sale and Transfer Assets to Trustee in Bankruptcy with Exhibits was served via mail and/or e-mail on the following parties on this _____ day of _____ 2013.

William J. Judge, Esq.
HILL, WARD & HENDERSON, PA
101 East Kennedy Blvd., Suite 3700
Tampa, Florida 33602
Email: wjudge@hwhlaw.com

Shari Streit Jansen (Bankruptcy Trustee)
P.O. Box 50667
Sarasota, FL 34232
Email: sharijansen@comcast.net

Larry S. Hyman, CPA
106 S. Tampania Ave., Suite 200
Tampa, FL 33609
Email: office@larryhymancpa.com

Thomas G. Raines
815 west Van Buren Street
Chicago, IL 6060
Email: traines@traalaw.com