**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

In re:

John Salov,

    Debtor.

File No.: 8:13-bk-01017-CPM
Chapter 7 Proceeding
Hon. Catherine Peek McEwen

Michael H. Perry (P22890)
Fraser Trebilcock Davis & Dunlap, P.C.
124 W. Allegan, Suite 1000
Lansing, MI 48933
Telephone: (517) 482-5800
Facsimile: (517) 482-0887
E-Mail:   mperry@fraserlawfirm.com

Russell Koss
Law Offices of Russell Koss
1502 W. Busch Blvd, Suite H4
Tampa, FL 33612
Telephone: (813) 200-6103

Lynn Welter Sherman
Florida Bar No. 375616
Tiffany A. Dilorio
Florida Bar No. 0719706
Attorneys for Chapter 7 Trustee
Adams and Reese, LLP
101 East Kennedy Boulevard, Suite 4000
Tampa, FL  33602
Telephone: (813) 402-2880
Facsimile (813) 402-2887
E-Mail:   lynn.sherman@arlaw.com
          Tiffany.dilorio@arlaw.com

**CREDITORS' OBJECTION TO PROPOSED COMPROMISE OF CONTROVERSY**

NOW COME the Creditors Clara R. Adams, Ronald Abdella, Robert Beeson, Kenneth Debord, Jeanette Debord, Gerald Gillikin, Mary K. Hall, Gerald Knoll, Delores Koppi, Kurt Koppi, Thomas Mogg, John Rauch, Gwen Rauch, Ronald Revard, Kurt Schwannecke, Elizabeth Schwannecke, Sabrina Schwerin, Walter Schwerin, Noreen Van Den Boom, Personal Representative Of The Estate Of Joseph Van Den Boom, Deceased, Mary Weiss, Robert Winger, George Alcock, Hedy Alcock, Katherine Aldridge, Lila Alpin, Claude Brannick, Sharon Brannick, James Carrier, Teresa Christilaw, Dorothy Claypool, Jo Anne

Crampton, Evelyn Curie, Steven Dedyne, Dorothy Dedyne, Randy Goodwin, Jared Hughes, Mary Hughes, Joseph Karas, Phyllis Karas, Robert Katz, Lisa Kirby, Mary Laforet, Michael Littlejohn, Barbara Littlejohn, Diane Marble, Ross Marouchoc, Kathleen Mason, Reed Ottenwess, Michelle Platt, Sherrill Platt, Joseph Quillico, Barry Quimper, Mary Quimper, Kristin Schwannecke, Devandra Sharma, Barbara Sharma, Kathryn Smith, Burris Smith, Estate Of Wayne Taylor, Deceased, Catherine Teal, Daniel Themm, Janet Themm, Kenneth Travis, Dale Krueger, Jonathon Packer, Joanne Lyon, Roger Rigterink, Diana Speer and Michael Speer (collectively the "Objecting Parties"), by and through their attorneys, Fraser Trebilcock Davis & Dunlap, P.C. and pursuant to Fed. R. Bankr. P. 9019 object to the Trustee's "Motion to Approve Compromise of Controversy and Granting Injunctive Relief" for the reasons stated below.[1]

## STATEMENT OF FACTS

### OBJECTING PARTIES

The Objecting Parties are creditors who have filed 60 Proofs of Claims in this bankruptcy case.[2] The collective amount of their claims is $8,051,860.98. The Objecting Parties' claims of $8,051,860.98 are slightly more than 70 percent of the total claims filed by all of the Debtor's creditors.[3] The 60 Objecting Parties comprise 80 percent of the Debtor's 75 creditors.[4]

---

[1] Doc. 51 in Case No. 8:13-bk-01017-CPM ("Bankruptcy Case").
[2] Bankruptcy Case Claims Register Nos. 13-1 through 35-1 and 37-1 through 72-1.
[3] Bankruptcy Case Claims Register Summary ($11,450.104.93 Total Claimed).
[4] The Bankruptcy Case Claims Register identifies 15 other creditors who filed Proofs of Claims (1-1 through 12-1 and 73-1 through 75-1).

2

All but four of the Objecting Parties are also the presently named Plaintiffs in Adversary Proceeding 8:13-ap-00378-CPM (hereafter "AP-378").[5] The last four objecting parties, Ms. Joanne Lyon, Mr. Roger Rigterink and Mr. Michael Speer and Mrs. Diana Speer, are persons whom the Plaintiffs will add as Plaintiffs in their forthcoming Second Amended Complaint in AP-378. These four persons also previously filed their respective Proofs of Claims.[6]

Forty-six of the seventy Objecting Parties are holders of bonds which Coltrace Communications, Inc. offered for sale as part of a 2008 bond offering.[7] The 46 bond holders whom are Plaintiffs in AP-378 have alleged that the Debtor, Mr. John Salov, personally guaranteed the payment of the principal and interest on the bonds and breached the guaranty agreement. The collective total of the 46 bond holders' claims is $1,424,147.[8]

## BOND OFFERING

On March 5, 2008 Coltrace Communications, Inc. released an amended offering memorandum pertaining to $5 million of 5 year, 10 percent bonds.[9] The bond offering stated, among other things, that Coltrace Communications, Inc. had "… purchased WHDO-TV in Orlando, Florida…" with the proceeds of the first part of the bond offering.[10] Digital TV of Orlando, LLC held the FCC class A television license for WHDO-TV.[11]

---

[5] See AP-378 Doc. 4 - Plaintiffs' First Amended Complaint.
[6] Bankruptcy Case Claims Register Nos. 34-1 (Lyon), 48-1 (Rigterink) and 61-1 (Speers).
[7] AP-378 Doc. 4-29, Coltrace Communications, Inc. bond offering, which is Exhibit 29 attached to the Plaintiffs' First Amended Complaint.
[8] AP-378 Doc. 4 - Plaintiffs' First Amended Complaint, Counts XXXI-LXXXI, pp. 99-213.
[9] AP-378 Doc. 4-29, p. 1.
[10] AP-378 Doc. 4-29, pp. 1 and 7.
[11] AP-292 Doc. 4-7, pp. 34-39 ("FCC Ownership Report for Commercial Broadcast Stations").

The bonds which are the subject of the 2008 bond offering (and in turn the Objecting Parties' claims in AP-378) were "… with full recourse to the assets of the Company but will be otherwise unsecured obligations of the Company."[12] Coltrace intended to use the net proceeds of the bond offering to purchase broadcast stations and broadcasting equipment, provide equipment and working capital for the station's operations and to establish an interest reserve. Coltrace estimated that it would use $1,500,000 "…to purchase licenses for selected broadcasting stations."[13]

The Debtor Mr. John Salov was the president, director and general manager of Coltrace Communications, Inc.[14] He also owned 100 percent of the membership interest of Digital TV of Orlando, LLC and 100 percent of Charleston DVT, LLC (WHDC-LP in Charleston, South Carolina).[15]

### Trustee's Adversary Proceeding No. 8:13-ap-00292-CPM ("AP-292")

The Trustee sought a declaratory judgment that the Debtor's membership interests in Digital TV of Orlando, LLC and Charleston DVT, LLC are property of the Debtor's estate and subject to turnover to the Trustee pursuant to 11 U.S.C. §543, that the state court receiver's sale of the FCC licenses violated this Court's automatic stay and is void and that the Defendants/Tower Companies (see below) did not have the right to credit bid at the receiver's sale.[16] The events which gave rise to AP-292 are briefly summarized below:

---

[12] AP-378 Doc. 4-29, p. 7.
[13] AP-378 Doc. 4-29, n. 3, p. 16.
[14] AP-378 Doc. 4-29, p. 18.
[15] AP-292, Doc. 4-7, pp. 36-37.
[16] AP-292, Doc. 4 - Trustee's Amended Complaint for Declaratory Relief and Turnover, ¶39, p. 9.

A. The debtor was the sole manager and member of Digital TV of Orlando, LLC and Charleston DTV, LLC (the "operating LLC entities").[17]

B. As of the petition date, each of the operating LLCs owned an FCC broadcast station license.[18]

C. Before the filing of the debtor's Chapter 7 petition, Oakville Tower Holdings, LLC and Richland Tower-Charleston, LLC (collectively the "Tower Companies") brought a state court action against the operating LLC entities and the Debtor arising out of a breach of two lease agreements pertaining to certain broadcast tower and studio space.[19]

D. The state court appointed a receiver and authorized the receiver to sell the FCC licenses.[20] The receiver sought FCC consent to an involuntary transfer of the debtor's 100 percent ownership interest in the operating entities and conducted a sale of the FCC licenses.[21]

E. The receiver failed to entertain an offer of $1,700,000 to purchase the FCC license and assets of Digital TV of Orlando, LLC.[22]

F. The state court order allowing the receiver to sell the FCC licenses directed the receiver to, among other things, "to take all actions to the extent reasonably possible to maintain and maximize the value of the license," and after the receiver "determined that the value of the FCC license has been maximized, the receiver was ordered to sell the license at a public sale in a commercially reasonable manner."[23]

---

[17] AP-292 Doc. 4, ¶10, p. 2.
[18] AP-292 Doc. 4, ¶11, p. 3.
[19] AP-292 Doc. 4, ¶¶ 13-17, pp. 3-4.
[20] AP-292 Doc. 4, ¶¶20-24, p. 5.
[21] AP-292 Doc. 4, ¶¶25-31, pp. 5-7.
[22] AP-292 Doc. 4, ¶32, p. 7.
[23] AP-292 Doc. 4, Exhibit I attached thereto, ¶¶3c and 4, respectively.

      G.      The FCC licenses were sold to the tower parties for a credit bid of $10 each.[24]

The Trustee alleged that the sale of the FCC license for a credit bid of $10 per license is commercially unreasonable in light of the fact that the receiver had previously received an offer of $1.7 million for Digital TV of Orlando, LLC's FCC license and assets.[25]

### DEBTOR'S OBJECTION TO THE RECEIVER'S SALE IN THE STATE COURT ACTION

The instant Objecting Parties understand and believe that on or about January 30, 2013, the Debtor's attorney filed a motion in the state court action in which the Debtor requested rent credit, sought a postponement of the receiver's sale and requested clarification of the sale's terms.[26] On March 14, 2013, the state court stayed its proceedings because of the pendency of this bankruptcy case.[27]

### ARGUMENT

**THE COURT SHOULD DISAPPROVE THE PROPOSED SETTLEMENT BECAUSE IT IS NOT IN THE BEST INTERESTS OF THE DEBTOR'S ESTATE.**

A.      STANDARD OF REVIEW.

The Trustee's motion to approve the settlement agreement is within the Court's sound discretion.[28] To properly exercise its discretion, the Court must be provided with all of the relevant facts and needs to evaluate whether the compromise is "… below the 'lowest point in

---

[24] AP-292 Doc. 4, ¶33, pp. 7-8 and Docs. 4-12, p. 1 and 4-13, p. 1.
[25] AP-292 Doc. 4, ¶33, pp. 7-8.
[26] Exhibit 1 - state court action "case summary" (i.e., "docket"), p. 4.
[27] Exhibit 1, p. 1, March 14, 2013 entry.
[28] See generally, *In re: Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) and authorities cited therein.

the range of reasonableness.'"[29] The Court must determine whether the proposed settlement is "fair and equitable" and in the best interests of the estate.[30]

When comparing the proposed compromise's terms with the likely rewards of the litigation, the Court must evaluate:

1. The probability of the Trustee's success in the litigation, with consideration given for the uncertainty, if any, in fact and law.

2. The complexity and likely duration of the litigation and any associated expense, inconvenience and delay.

3. Other factors relevant to the "wisdom of the compromise."[31] Included within the factors which the Court must consider are "the paramount interests of the creditors and a proper deference to their reasonable views…."[32]

The Trustee has a fiduciary duty to maximize the value of the estate.[33] When determining whether the Trustee's proposed settlement comports with her duty to maximize the value of the estate, the "interests of the creditors" rather than the Debtor's interests are paramount.[34] The Court should carefully consider the creditors' position when reviewing the Trustee's proposed settlement.[35]

---

[29] *Id.* and authorities cited therein.
[30] *In re: Moore,* 608 F.3d 253, 263 (5th Cir. 2010).
[31] *In re: Arrow Air, Inc.,* 85 B.R. at 891 and authorities cited therein including, among others, *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 425; 88 S.Ct. 1157, 1163; 20 L.Ed. 2d 1 (1968).
[32] *In re: Arrow Air, Inc., supra.*
[33] *In re: Moore, supra,* at 263.
[34] *In re: Foster Mortgage Co.,* 68 F.3d 914, 917 (5th Cir. 1995).
[35] *In re: Foster Mortgage Co.,* 68 F.3d at 917-918.

**B.   THE TRUSTEE'S PROPOSED SETTLEMENT OF $55,000 IN EXCHANGE FOR A RELEASE OF ALL CLAIMS ARISING OUT OF THE TRUSTEE'S COMPLAINT IN AP-292 IS NOT IN THE BEST INTERESTS OF THE ESTATE.**

**1.   The Trustee's motion has failed to provide the Court with all of the facts necessary to form an intelligent and objective opinion on the probabilities of the Trustee's success in the litigation arising out of the sale of the FCC licenses.**

The Court in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424; 88 S.Ct. 1157, 1163; 20 L.Ed.2d 1 (1968) said that when reviewing a proposed settlement, the Court needs to receive "… all of the facts necessary for an intelligent and objective opinion on the probabilities of ultimate success should the claim be litigated."  The Court is charged with the task of comparing the terms of the proposed settlement with the relative likelihood of success of the litigation.[36]  Further, the Court needs to receive evidence so that it can make an "educated estimate of the complexity, expense and likely duration …" of the litigation.[37]

The Trustee's motion in a very conclusory fashion has asserted that the complexity of the litigation, the amount at issue, the probability of success and the costs associated with the litigation have led the Trustee to believe that the settlement is in the best interest of the estate and the Debtor's creditors.[38]  However, the Trustee has failed to provide the Court with any factual basis for that assertion.  The Trustee has, for example, failed to tell the Court the expected costs of the litigation and its likely duration.  The Trustee has failed to discuss and describe the complexity of the matters at issue in the litigation.  Although the amount at issue insofar as Digital TV of Orlando, LLC is concerned is at least $1,700,000, the Trustee has

---

[36] *TMT Trailer, supra,* 390 U.S. at 424-425.
[37] *Id.*
[38] Trustee's motion, ¶14, p. 5.

failed to provide the Court with any facts upon which the Court can perform its task. The Trustee's motion also fails to articulate the relative probabilities of success of the litigation. For these reasons, the Court should deny the Trustee's motion because it lacks a sufficient factual basis and legal analysis.

**2. The Tower Companies' proposed payment of $55,000 in exchange for the Trustee's release of all of her claims arising out of the sale of the FCC licenses for $10 per license is on its face not in the best interests of most of the creditors of the estate.**

*In re: Arrow Air, Inc., supra,* upon which the Trustee's motion has relied, (Trustee's motion, ¶13, pp. 4-5) supports a finding that the instant proposed settlement is not in the best interests of the creditors of the Debtor's estate. In *In re: Arrow Air, Inc., supra,* members of a class which had filed claims of approximately $2.4 million would receive a settlement fund of approximately $1.6 million. The estimated recovery by those class members pursuant to the settlement could be as high as 66.6 percent without having to continue the litigation.[39] On the other hand, if the Court had disallowed the settlement, those parties would receive a payment of approximately 25 percent of their claim or even less depending upon whether certain evidence was deemed admissible.[40] The Court also noted that there were many other meritorious defenses to those claims. While the Court did not rule upon the resolution of any of the potential objections to the claims, the Court found that the proposed settlement would eliminate the need for the filing and litigation of numerous objections to the claims and that the litigation would be expensive and time consuming for both the estate and its creditors.[41]

---

[39] *In re: Arrow Air, Inc., supra,* 85 B.R. at 890.
[40] *Id.*
[41] *In re: Arrow Air, Inc., supra,* 85 B.R. at 890.

9

The instant Objecting Parties' claims total $8,051,860.98. There are more than $11,300,000 in unsecured claims.[42] The $55,000, less the Trustee's attorney fees and other administrative expenses associated with AP-292, will most likely be paid to the secured creditor. Nothing will be left for the Objecting Parties. On its face, the settlement is not in the best interest of the estate and most of its creditors.

The proposed settlement is also not fair and equitable because it appears that the Tower Companies will be allowed to pursue their unsecured claims in the amount of $2,106,101.03.[43] Although the proposed settlement agreement requires the Trustee and the Defendants therein (including the Tower Companies) to release each other from claims arising out of or relating to the facts stated in the Trustee's Complaint or relating to the Receiver's sale, the settlement agreement says nothing about the Tower Companies' unsecured claims arising out of their judgment against the Debtor for the unpaid rent. Neither the Trustee's motion nor the proposed settlement agreement states that the Tower Companies will file a motion to withdraw their unsecured claims pursuant to Fed. R. Bankr. P. 3006. On its face, the proposed settlement agreement allows the two unsecured creditors/Tower Companies to continue to pursue their unsecured claims while retaining the FCC licenses which they purchased at below bargain basement prices. This is neither fair nor equitable nor in the best interest of the bankruptcy estate.

---

[42] Bankruptcy Case Claims Register Summary ($11,450,104.93 total minus $64,907.36 secured equals $11,385,197.57).

[43] Bankruptcy Case Claims Register, 73-1 (Richland: $815,040.92) and 74-1 (Oakville: $1,291,060.11).

      **3.      The Court's reservation of the Trustee's right to argue that the FCC licenses are assets of the estate and that their transfer violated 11 U.S.C. 549 together with the absence of a state court ruling upon the Debtor's challenge to the Receiver's sale and this Court's authority to review the Receiver's actions belie the Trustee's apparent concern about the "*Rooker-Feldman*" and collateral estoppel defenses asserted by the Defendants in AP-292.**

Although the Trustee's motion fails to specifically articulate anything about the relative likelihood of success of the Trustee's action in AP-292, the motion has referred to the Defendants' therein assertion of the *Rooker-Feldman* and collateral estoppel defenses.[44] However, the Court has already ruled that the Trustee has a right litigate the issues raised in AP-292.[45] The Court's Order is consistent with its general authority to review the actions of a state court appointed receiver.[46]

Also, the state court did not rule upon the question of whether the receiver's sale was commercially reasonable. Instead, the state court refused to address that question in light of the pendency of the instant bankruptcy case.[47] Both the *Rooker-Feldman* rule and the doctrine of collateral estoppel are based upon the existence of a prior court ruling.[48] There was no prior court ruling on the commercial reasonableness of the receiver's sale. The *Rooker-Feldman* and collateral estoppel defenses do not apply to the Trustee's cause of action.

---

[44] Trustee's motion, ¶10, p. 3.
[45] Bankruptcy Case Doc. 8, Order Granting Emergency Motion for Order Confirming that Automatic Stay is Not in Effect, ¶3.
[46] See generally, *In re: Paven,* 158 B.R. 447, 450 (Bankr. N.D. Ohio 1995) and authority cited therein.
[47] Exhibit 1, p. 1.
[48] *Rooker-Feldman* applies to a case brought by a state court loser which complains about a prior state court judgment. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284; 125 S.Ct. 1517, 1521-1522; 161 L.Ed.2d 454 (2005). Collateral estoppel, which is also known as "issue preclusion" prevents the same parties from re-litigating the same issue that was previously litigated and actually decided in another case involving a different cause of action. *Philip Morris USA, Inc. v. Douglas,* 110 So.3d 419, 433 (Fla. 2013).

11

## RELIEF REQUESTED

For the reasons stated above, the Objecting Parties request the Court to deny the Trustee's motion.[49]

Dated:  October 8, 2013

/s/ Michael H. Perry
Michael H. Perry (P22890)
mperry@fraserlawfirm.com
Fraser Trebilcock Davis & Dunlap, PC
124 West Allegan, Suite 1000
Lansing, MI  48933
(517) 482-5800

*Counsel for Plaintiffs*

## PROOF OF SERVICE

The undersigned certifies that on October 8, 2013, a copy of CREDITORS' OBJECTION TO PROPOSED COMPROMISE OF CONTROVERSY was mailed by first class mail to John Salov, 1502 W. Busch Blvd, Suite H-2, Tampa, FL  33612, Lynn Welter Sherman, Attorney for Trustee, Adams and Reese, LLP, 101 East Kennedy Boulevard, Suite 4000, Tampa, FL  33602, U.S. Trustee - TPA7, Timberlake Annex, Suite 1200, 501 E. Polk Street, Tampa, FL  33602 and the parties listed on the attached Matrix.

The undersigned also certifies that on October 8, 2013, a copy of CREDITORS' OBJECTION TO PROPOSED COMPROMISE OF CONTROVERSY was served on Russell Koss, Debtor's Attorney, 1502 W. Busch Blvd, Suite H4, Tampa, FL 33612 and R. Travis Santos, Hill, Ward & Henderson, P.A., P. O. Box 2231, Tampa, FL  33601 by CM/ECF electronic filing.

/s/ Michael H. Perry
Michael H. Perry (P22890)
Fraser Trebilcock Davis & Dunlap, P.C.
124 W. Allegan, Suite 1000
Lansing, MI 48933
(517) 377-0846
E-mail:  mperry@fraserlawfirm.com

---

[49] The Objecting Parties do not oppose the Debtor's argument that the state court should be given an opportunity to rule upon the Debtor's previously filed challenge to the receiver's sale. See, Bankruptcy Court Doc. 52, ¶¶2-3 and 7-8, pp. 2-3.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:13-bk-01017-CPM<br>Middle District of Florida<br>Tampa<br>Mon Oct  7 15:26:30 EDT 2013 | Fifth Third Bank<br>c/o Ira Scot Silverstein, Esq.<br>2001 West Sample Road<br>Suite 315<br>Deerfield Beach, FL 33064-1346 | Oakville Tower Holdings, LLC<br>c/o R. Travis Santos<br>Hill, Ward & Henderson, P.A.<br>P. O. Box 2231<br>Tampa, Fl 33601-2231 |
| Richland Tower - Charleston, LLC<br>c/o R. Travis Santos<br>Hill, Ward & Henderson, P.A.<br>Post Office Box 2231<br>Tampa, Fl 33601-2231 | (p)SPRINGLEAF FINANCIAL SERVICES<br>P O BOX 3251<br>EVANSVILLE IN 47731-3251 | Asset Acceptance LLC assignee   CITIBANK<br>PO Box 2036<br>Warren, MI 48090-2036 |
| Asset Acceptance LLC assignee  FIFTH THIRD B<br>PO Box 2036<br>Warren, MI 48090-2036 | Asset Acceptance LLC assignee   WACHOVIA<br>PO Box 2036<br>Warren, MI 48090-2036 | Asset Acceptance Llc<br>Po Box 1630<br>Warren, MI 48090-1630 |
| Babcock Carlson<br>30445 Northwestern Hwy., Ste. 230<br>Farmington Hills, MI 48334-3109 | Balladares Lawfirm<br>133 terra mango loop<br>Ste # 200<br>Orlando, FL 32835-8509 | Barry Quimper and Mary Quimper<br>4789 Sheridan<br>Saginaw, MI 48601-9301 |
| Burris and Kathryn Smith<br>415 Ardussi Avenue<br>Saginaw, MI 48602-2785 | Capitol National Bank<br>200 North Washington Square<br>363 W/ Big Deaver Rd<br>Lansing, MI 48933 | Catherine Teal<br>1811 Sylvan Lane<br>Midland, MI 48640-6760 |
| Cavalry Portfolio Services<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595-2322 | Clara Adams<br>9938 Stark<br>Livonia, MI 48150-2616 | Claude Brannick<br>3519 W. Frances Road<br>Mt. Morris, MI 48458-8216 |
| Claude Brannick and Sharon Brannick<br>3519 W. Frances Road<br>Mt. Morris, MI 48458-8216 | Crown Castle USA, Inc.<br>Randall & Richards Collections<br>5151 E. Broadway Blvd<br>8th.Floor<br>Tucson, AZ 85711-3705 | Dale Krueger<br>2901 Ross Court<br>Midland, MI 48640-4435 |
| Daniel Themm<br>12467 Crawford Road<br>Otisville, MI 48463-9767 | Davis Wright Tremaine LLP<br>Attn: Bill Rayome<br>1201 Third Avenue, Suite 2200<br>Seattle, WA 98101-3045 | Davis Wrigth Tremaine<br>1201 3rd ave<br>ste 2200<br>Seattle, WA 98101-3045 |
| Dean, Mead, Egerton, P.A<br>Mark D. Chapman, ESQ<br>P.O Box 2346<br>Orlando, FL 32802-2346 | Devandra Sharma and Barbara Sharma<br>541 Lake Street, P. O. Box 369<br>Tawas City, MI 48764-0369 | Diane Marble<br>204 N. Main Street<br>P. O. Box 3<br>Northstar, MI 48862-0003 |
| Dorothy Claypool<br>660 N. Bard Road<br>Gladwin, MI 48624-9682 | Estate of Wayne Taylor<br>c/o Michael H. Perry<br>124 W. Allegan, Suite 1000<br>Lansing, MI 48933-1716 | Evans National Leasing<br>1 Grimsby Dr.<br>Hamburg, NY 14075-3764 |

| | | |
|---|---|---|
| Evans National Leasing, Inc.<br>GETMAN & BIRYLA, LLP<br>800 Rand Building<br>14 Lafayette Square<br>Buffalo, New York 14203-1995 | Evans National Leasing, Inc.<br>c/o GETMAN & BIRYLA, LLP<br>800 Rand Building<br>14 Lafayette Square<br>Buffalo, New York 14203-1995 | Evelyn Curie<br>150 E. Winegars Road<br>Gladwin, MI 48624-8428 |
| Fifth Third Bank<br>c/o Weltman, Weinberg, L.P.A<br>2155 Butterfield Dr<br>Suite 200<br>Troy, MI 48084-3463 | First Bank Richmond<br>20 North 9th Street<br>Richmond, IN 47374-3170 | First Federal Leasing<br>C/O Kevin O Connell<br>P.O Box 1087<br>Novi, MI 48376-1087 |
| Fletcher, Heald & Hildreth<br>1300 n 17th st<br>11th floor<br>Arlington, VA 22209-3811 | George Alcock<br>3387 Park Road<br>P. O. Box 229<br>Luzerne, MI 48636-0229 | Gerald Gillikin<br>3669 McKinley<br>Chelsea, MI 48118-9594 |
| Gerald Knoll<br>2800 Wurtzel<br>Freeland, MI 48623-7810 | Gold Key Leasing<br>C/O Timothy C. Runyan P.C<br>31211 Jefferson Ave<br>Saint Clair Shores, MI 48082-1301 | Great Seneca<br>C/O Megan Fink<br>3249 Broad ST<br>Dexter, MI 48130-1018 |
| Gwen Rauch<br>501 Mill Pond Drive<br>Fenton, MI 48430-2368 | Hedy Alcock<br>2721 Barnard Street<br>Saginaw, MI 48602-5038 | Highwoods Properties<br>201 S. Orange Ave.<br>Suite 400<br>Orlando, FL 32801-3444 |
| Ira Marder<br>3200 Misty Morning Drive<br>Flushing, MI 48433-3004 | Jacqueline Schwerin<br>c/o Michael H. Perry<br>124 W. Allegan, Suite 1000<br>Lansing, MI 48933-1716 | James Carrier<br>2705 Parsons Court<br>Midland, MI 48642-6916 |
| Janet Themm<br>12467 Crawford Road<br>Otisville, MI 48463-9767 | Jared Hughes and Mary Hughes<br>2010 Springwood Drive<br>Midland, MI 48640-6778 | Jj Marshall & Associ<br>Po Box 6099<br>Jackson, MI 49204-6099 |
| Jo Anne Crampton<br>339 Island Drive<br>Beaverton, MI 48612-8525 | Joanne Lyons<br>c/o Michael H. Perry<br>124 W. Allegan, Suite 1000<br>Lansing, MI 48933-1716 | John Rauch<br>501 Mill Pond Drive<br>Fenton, MI 48430-2368 |
| Jonathon Packer<br>c/o Michael H. Perry<br>124 W. Allegan, Suite 1000<br>Lansing, MI 48933-1716 | Joseph Karis and Phyllis Karis<br>5188 Heidi Lane<br>Saginaw, MI 48604-9508 | Joseph Quillico<br>7205 Sharp<br>Schwartz Creek, MI 48473-9429 |
| Katherine Aldridge<br>P. O. Box 2304<br>Saginaw, MI 48605-2304 | Kathleen Mason<br>6710 Ellenton Gillette Road, #356<br>Palmetto, FL 34221-8620 | Kenneth Debord and Jeanette Debord<br>10129 Carlee June<br>Fenton, MI 48430 |

Kenneth Travis
4100 E. Pleasant Valley
Sheperd, MI 48883-8525

Kristin Schwannecke
c/o Michael H. Perry
124 W. Allegan, Suite 1000
Lansing, MI 48933-1716

Kurt Koppi and Delores Koppi
302 Norfolk Street
Midland, MI 48640-6012

Kurt Schwannecke and Elizabeth Schwnnecke
3135 S. Graham
Saginaw, MI 48609-9100

Latham, Shuker, Eden, Beaudi
PO Box 3353
Orlando, FL 32802-3353

Leaf Financial Corp
1818 Market St Fl 9
Philadelphia, PA 19103-3647

Lila Alpin
11159 Armstrong Drive S
Saginaw, MI 48609-9470

Lisa Kirby
206 Pineview Drive
Alma, MI 48801-2159

Mary K. Hall
1400 Berry Avenue
Newton, KS 67114-1413

Mary Laforet
112 Hidden Stone Court
Midland, MI 48640-4475

Mary Weiss
5930 Maple Road
Frankenmuth, MI 48734-9716

Michael H Perry, Esq.
124 West Allegan, Ste. 1000
Lansing, MI 48933-1716

Michael Littlejohn and Barbara Littlejohn
7331 Glen Terra Drive
Lansing, MI 48917-8829

Michelle Platt
25440 Karen
Oak Park, MI 48237-1309

Mike and Diana Speer
c/o Michael H. Perry
124 W. Allegan, Suite 1000
Lansing, MI 48933-1716

Noreen Van Den Boom
Personal Representative of the Estate of
Joseph Van Den Boom
1331 N. Mackinaw Road
Linwood, MI 48634-9544

Oakville Tower Holdings, LLC
c/o R. Travis Santos, Esq.
Hill, Ward & Henderson, P.A.
P. O. Box 2231
Tampa, FL 33601-2231

Randy Goodwin
2241 E. North Union Road
Bay City, MI 48706-9295

Reau & Associates P.C
C/o Babcock Carlson
30445 Northwestern Hwy
Suite # 230
Farmington Hills, MI 48334-3109

Reed Ottenwess
1483 Preston Ridge, NW #23
Grand Rapids, MI 49504-8503

Richland Tower-Charleston, LLC
c/o R. Travis Santos, Esq.
Hill, Ward & Henderson, P.A.
P. O. Box 2231
Tampa, FL 33601-2231

Richland Towers-Oakville Twr
400 n Ashley
ste 3010
Tampa, FL 33602-4354

Robert Beeson
305 Republic
Alma, MI 48801-2653

Robert Katz
2066 Walden Court
Flint, MI 48532-2427

Robert Winger
3830 E. Monroe Road
Midland, MI 48642-8825

Ronald Abdella
806 Cotter Street
Essexville, MI 48732-1210

Ronald Revard
2726 Dexter Drive
Saginaw, MI 48603

Ross Marouchoc
4523 Chatham Drive
Midland, MI 48642-3513

Ryan Rigterink
c/o Michael H. Perry
124 W. Allegan, Suite 1000
Lansing, MI 48933-1716

Sabrina Schwerin
3162 LaMirage Drive
Laudhill, FL 33319-4269

```
Saldana Holding llc                Saldana Holdings, LLC              Sharon Brannick
c/o Thomas R Rianes                Attn: Tim Reilly                   3519 W. Frances Road
20 n wacker dr                     200 S. Wacker, Ste. 1900           Mt. Morris, MI 48458-8216
Ste # 550                          Chicago, IL 60606-5857
Chicago, IL 60606-2876


Sherrill Platt                     Steven Dedyn and Dorothy Dedyne    Susan Gilliken
25400 Karen                        3591 Studor Drive                  c/o Michael H. Perry
Oak Park, MI 48237                 Saginaw, MI 48601-5742             124 W. Allegan, Suite 1000
                                                                      Lansing, MI 48933-1716


Teresa Christilaw                  Thomas Mogg                        Trenam Kemker
1008 West Allen Street             6780 N. Alamando Road              po box 1072
Midland, MI 48640-4380             Coleman, MI 48618-9343             Tampa, FL 33601-1072


United States Trustee - TPA7       Valladares Law                     Walter Schwerin
Timberlake Annex, Suite 1200       133 Terra Mango Loop               1196 South Huron Road
501 E Polk Street                  Suite # 200                        Kawkawlin, MI 48631-9417
Tampa, FL 33602-3949               Orlando, FL 32835-8509


Warmus & Associates inc.           sterling broadcast group           Barbara Littlejohn
po box 807                         PO 306                             Attn: Michael H. Perry
Bath, OH 44210-0807                Clovis, CA 93613-0306              124 W Allegan, Ste 1000
                                                                      Lansing, MI 48933-1716


Barbara Sharma                     Barry Quimper                      Burris Smith
Attn: Michael H. Perry             Attn: Michael H. Perry             Attn: Michael H. Perry
124 W Allegan, Ste 1000            124 W Allegan, Ste 1000            124 W Allegan, Ste 1000
Lansing, MI 48933-1716             Lansing, MI 48933-1716             Lansing, MI 48933-1716


Catherine Teal                     Clara Adams                        Claude Brannick
Attn: MIchael H. Perry             Attn: Michael H. Perry             Attn: Michael H. Perry
124 W Allegan, Ste 1000            124 West Allegan, Suite 1000       124 Allegan, Ste 1000
Lansing, MI 48933-1716             Lansing, MI 48933-1716             Lansing, MI 48933-1716


Dale Krueger                       Daniel Themm                       Delores Koppi
Attn: Michael H. Perry             Attn: Michael H. Perry             Attn: Michael H. Perry
124 W Allegan, Ste 1000            124 Allegan, Ste 1000              124 W Allegan, Ste 1000
Lansing, MI 48933-1716             Lansing, MI 48933-1716             Lansing, MI 48933-1716


Devandra Sharma                    Diana Speer                        Diane Marble
Attn: Michael H. Perry             Attn: Michael H. Perry             Attn: Michael H. Perry
124 W Allegan, Ste 1000            124 W. Allegan, Suite 1000         124 W Allegan, Ste 1000
Lansing, MI 48933-1716             Lansing, MI 48933-1716             Lansing, MI 48933-1716


Dorothy Claypool                   Dorothy Dedyne                     Elizabeth Schwannecke
Attn: Michael H. Perry             Attn: Michael H. Perry             Attn: Michael H. Perry
124 W Allegan, Ste 1000            124 W Allegan, Ste 1000            124 W Allegan, Ste 1000
Lansing, MI 48933-1716             Lansing, MI 48933-1716             Lansing, MI 48933-1716
```

Evelyn Curie
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

George Alcock
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Gerald Gillikin
Attn: Michael H. Perry
124 West Allegan, Suite 1000
Lansing, MI 48933-1716

Gerald Knoll
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Gwen Rauch
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Hedy Alcock
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Ira Marder
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Jacqueline Schwerin
Attn: Michael H. Perry
124 W. Allegan, Suite 1000
Lansing, MI 48933-1716

James Carrier
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Janet Themm
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Jared Hughes
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Jeanette Debord
Attn: Michael H. Perry
124 West Allegan, Suite 1000
Lansing, MI 48933-1716

Jo Anne Crampton
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Joanne Lyons
Attn: Michael H. Perry
124 W. Allegan, Suite 1000
Lansing, MI 48933-1716

John Rauch
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

John Salov
1502 W. Busch Blvd
Ste # h-2
Tampa, FL 33612-7668

Jonathon Packer
Attn: Michael H. Perry
124 W. Allegan, Suite 1000
Lansing, MI 48933-1716

Joseph Karis
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Joseph Quillico
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Katherine Aldridge
Attn: Michael H. Perry
124 Allegan, Ste 1000
Lansing, MI 48933-1716

Kathleen Mason
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Kathryn Smith
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Kenneth Debord
Attn: Michael H. Perry
124 West Allegan, Suite 1000
Lansing, MI 48933-1716

Kenneth Travis
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Kristine Schwannecke
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Kurt Koppi
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Kurt Schwannecke
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Lila Alpin
Attn: Michael H. Perry
124 W. Allegan, Ste 1000
Lansing, MI 48933-1716

Lisa Kirby
Attn: Michael H. Perry
124 West Allegan, Ste 1000
Lansing, MI 48933-1716

MIchael LIttlejohn
Attn: MIchael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Mary Hughes
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Mary Laforet
Attn: MIchael H. Perry
124 Allegan, Ste 1000
Lansing, MI 48933-1716

Mary Quimper
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Mary Weiss
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Mary K Hall
Attn: Michael H. Perry
124 West Allegan, Ste 1000
Lansing, MI 48933-1716

Michelle Platt
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Mike Speer
Attn: Michael H. Perry
124 W. Allegan, Suite 1000
Lansing, MI 48933-1716

Noreen VanDenBoom
Attn: Michael H. Perry
124 W. Allegan, Suite 1000
Lansing, MI 48933-1716

Phyllis Karis
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Randy Goodwin
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Reed Ottenwess
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Robert Beeson
Attn: Michael H. Perry
124 West Allegan, Suite 1000
Lansing, MI 48933-1716

Robert Katz
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Robert Winger
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Ronald Revard
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Ross Marouchoc
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Russell Koss
Law Offices of Russell Koss
1502 W Busch Blvd, Suite H4
Tampa, FL 33612-7668

Ryan Rigterink
Attn: Michael H. Perry
124 W Allegan, Suite 1000
Lansing, MI 48933-1716

Sabrina Schwerin
Attn: Michael H. Perry
124 Allegan, Ste 1000
Lansing, MI 48933-1716

Shari Streit Jansen
P.O. Box 50667
Sarasota, FL 34232-0305

Sharon Brannick
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Sherrill Platt
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Steven Dedyne
Attn: Michael H. Perry
124 West Allegan, Ste 1000
Lansing, MI 48933-1716

Susan Gillikin
Michael H. Perry
Fraser Trebilcock
124 W. Allegan
Suite 1000
Lansing, MI 48933-1736

Teresa Christilaw
Attn: Michael H. Perry
124 W. Allegan, Ste 1000
Lansing, MI 48933-1716

Thomas Mogg
Attn: Michael H. Perry
124 W Allegan, Suite 1000
Lansing, MI 48933-1716

Walter Schwerin
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

Wayne Taylor
Attn: Michael H. Perry
124 W Allegan, Ste 1000
Lansing, MI 48933-1716

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

American General Finan
Springleaf Financial/Attn: bankruptcy De
Po Box 3251
Evansville, IN 47731

(d)Springleaf Financial S
916 N West Ave Ste G
Jackson, MI 49202

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Ronald Abdella

End of Label Matrix
Mailable recipients   177
Bypassed recipients     1
Total                 178